**CLANTON et al. v. MUNDELL.**

No. 25446.   Oct. 15, 1935.

Rehearing Denied Nov. 5, 1935.

Dudley, Hyde, Duvall & Dudley, for plaintiffs in error.

J. S. Estes and E. L. Fulton, for defendant in error.

OSBORN, V. C. J.   W. S. Mundell, hereinafter referred to as plaintiff, instituted this action in the district court of Oklahoma county against B. H. Clanton and E. B. Clanton, partners doing business under the firm name of Clanton Transportation Company, hereinafter referred to as defendants, to recover damage for personal injuries. The cause was tried to the jury and a verdict rendered in favor of plaintiff for $2,300. From a judgment thereon, defendants have appealed.

The record shows that on. August 30, 1932, plaintiff was traveling north on U. S. Highway No. 277 in a wagon drawn by a team of horses; that the wagon was loaded with logs of wood. At a point about one and one-half miles south of Newcastle bridge, where the highway crosses the Canadian river, the wagon was overtaken by a truck of the defendants going in the same direction. The truck crashed into the rear of the wagon and plaintiff was thrown to the right of the highway, face down, and the logs of wood on top of him, from which position he, holding to one of the lines, was pulled out to a distance of about ten feet by the team. As a result plaintiff sustained numerous injuries.

The defendants contend that the truck did not crash into the rear of the wagon, but that when the truck attempted to go around the wagon one of the horses lunged and threw the wagon against the truck, which resulted in throwing the wagon into the ditch and causing the injuries complained of.

For reversal of the judgment, defendants contend: First, that the court erred in not instructing the jury on the question of contributory negligence for the reason that it was pleaded as a defense to the action and that. the evidence is sufficient to justify said instruction. This question has recently received attention by this court in the case of Miller v. Price, 168 Okla. 452, 33 P. (2d) 624. where it is held that, although defend-

ant has pleaded contributory negligence, it is erroneous for the trial court to submit an instruction thereon where defendant has introduced no evidence which tends to show contributory negligence on the part of the plaintiff and a review of all the evidence in the case and all inferences which may reasonably be drawn permits but one conclusion, which is that no contributory negligence has been shown.

Defendants contend that the rule announced in Miller v. Price, supra, is erroneous and the case should be overruled, but we cannot agree with such contention. Said rule does not conflict in any manner with section 6, article 23, of the Constitution, and is a reasonable interpretation thereof. We have carefully examined the record in this case, including the facts relied upon by defendants to establish contributory negligence, and find that there is no evidence of contributory negligence in this case and no evidence introduced from which contributory negligence may be inferred or presumed. The rule announced in Miller v. Price, supra, is applicable and controlling, and the court did not err in refusing to submit such instruction.

It is next contended that defendants were denied a fair trial by reason of remarks of counsel for the plaintiff which were inflammatory and prejudicial. The record discloses that certain improper remarks were made by counsel for plaintiff in the argument of the case before the jury. The record also shows that the trial court reproved counsel in the presence of the jury and instructed the jury not to consider such remarks. A consideration of the entire record and the verdict of the jury discloses that defendants were not prejudiced by reason of the improper argument of counsel. Therefore, we are not justified in reversing the judgment on account of such improper conduct. Knights & Ladies of Security v. Bell, 93 Okla. 272, 220 P. 594.

The judgment of the trial court is affirmed.

McNEILL, C. J., and BAYLESS, WELCH, and CORN, JJ., concur.