CITY OF DURANT, BRYAN COUNTY, v. McCURDY et al.

No. 33329.   Feb. 8, 1949.

*202 P. 2d 1078.*

W. L. Steger, of Durant, for plaintiff in error.

Utterback & Utterback and Roy Paul, all of Durant, for defendant in error.

HALLEY, J. Donna Marie McCurdy, a minor, was injured by falling into a ditch which was across a pathway that was alleged to have been a part of a street in the city of Durant, Oklahoma. She suffered a fracture of the right hip bone and other injuries which required hospitalization and the care and attention of a physician and a nurse. Jury trial resulted in a verdict in her favor in the amount of $2,500. This is an appeal by the city of Durant from the judgment of the district court of Bryan county.

The single contention of the plaintiff in error is that the failure and refusal of the trial court to instruct on the issue of contributory negligence was error, citing many cases and relying principally upon Miller v. Price, 168 Okla. 452, 33 P. 2d 624, as controlling.

In that case we discussed thoroughly the requirement for pleading contributory negligence and when under our constitutional provision it is proper to instruct on that issue. We held in that case that where the defendant has pleaded contributory negligence but has introduced no evidence which tends to show contributory negligence on the part of the plaintiff, and a review of all the evidence introduced in the case and all inferences that may reasonably be drawn therefrom permits but one conclusion, which is that no contributory negligence has been shown, in such a case, the defense of contributory negligence as contemplated in section 6, art. 23, of the Constitution, has not been presented, and it is error for the trial court to submit to the jury an instruction thereon.

The brief of the plaintiff in error contains the verbatim testimony of several of the witnesses for the plaintiff and one witness for the defendant, with the bare statement that the above testimony sets forth sufficient facts for the jury to find that defendant in error could have been guilty of contributory negligence. This single contention of defendant must be supported by evidence or an inference from the evidence as to the negligence of the plaintiff which was the proximate cause of the injury. Neither the case-made nor the defendant's brief points out such evidence. It is stated by the defendant that it is shown by the evidence that the ditch complained of was for the purpose of draining water from the adjoining concrete highway and that few people walked by the place where the defendant in error was injured. The defendant points to certain evidence stating that this testimony was sufficient for the jury to find as a fact that no footpath crossed the ditch.

We have carefully examined the record and find no evidence of contributory negligence, nor does the record contain evidence which would justify an inference that any degree of contributory negligence was shown. The refusal of the trial court to instruct on the issue of contributory negligence was proper, and its judgment is affirmed.

ARNOLD, V. C. J., and WELCH, CORN, GIBSON, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur.