DENCO BUS LINES, Inc., et al. v. ROSE.

No. 33827.   Oct. 10, 1950.

*224 P. 2d 260.*

Draper Grigsby, of Oklahoma City, for plaintiffs in error.

Wallace Hatcher and C. J. Moody, both of Pauls Valley, for defendants in error.

HALLEY, J. The parties will be referred to in the positions they occupied in the trial court.

The plaintiff alleged, and her evidence sustained the same, that on February 1, 1947, she was driving south on Highway 81 about a mile south of Chickasha, Oklahoma, when the car she was driving was side-swiped by a bus owned by the Denco Bus Lines and driven by the defendant Hershel H. Tremble, and that she was thrown against the steering gear of the car she was driving and suffered severe personal injuries. The defendants Denco and Tremble denied that she was struck by any bus driven by Tremble. A jury trial was had and verdict rendered for the plaintiff. The defendants have appealed.

The defendants have assigned as error on the part of the trial court the giving of certain instructions and the failure to instruct on contributory negligence. The only error argued by them was the failure to instruct on contributory negligence, so that is the only question we will discuss. In order for it to be necessary to instruct on the question of contributory negligence there must be some evidence produced at the trial, either by the plaintiff or by the defendant, from which contributory negligence could be inferred or presumed. We have read the evidence of both the plaintiff and the defendant, and we are unable to find any from which contributory negligence could be inferred or presumed, which would necessitate submitting the question to the jury as is required by section 6 of article 23 of the Constitution of Okla-.

homa. We believe that our holdings in Miller v. Price, 168 Okla. 452, 33 P. 2d 624, and City of Durant v. McCurdy, 201 Okla. 137, 202 P. 2d 1078, are controlling under the facts in this case.

Affirmed.

DAVISON, C. J., and WELCH, GIBSON, LUTTRELL, JOHNSON, and O'NEAL, JJ., concur.