**KANSAS, O. & G. RY. CO. v. CLARK.**
No. 35717.

Supreme Court of Oklahoma.
Oct. 6, 1953.

Rehearing Denied Oct. 27, 1953.

O'NEAL, Justice.

This is an action sounding in tort for damages growing out of a grade crossing accident and collision between an automobile and a switch engine owned and operated by the defendant, Railway Company.

Thomas J. Clark, plaintiff below, will be referred to as plaintiff, and the Kansas, Oklahoma & Gulf Railway Company, a corporation, will be referred to as the defendant, or in the alternative, as the Railway Company.

On the 18th day of July, 1951, Leo Durley was operating his automobile in a northerly direction on Main Street in the City of Wagoner, Oklahoma. The plaintiff was an occupant in the car by invitation of Durley. As the car was proceeding over the railroad tracks Durley observed a train approaching from the west, some 75 or 80 feet from the intersection of Main Street and the railway crossing. Durley attempted to put his car in reverse intending to back off of the tracks but the car stalled and before plaintiff could get off of the tracks he was injured by the impact of the locomotive with Durley's car.

Briefly stated, plaintiff charges defendant with negligence as follows: (a) Failing to sound the whistle or ring the bell on the engine; (b) propelling the locomotive and train over the crossing at an unreasonable rate of speed, to-wit: 10 or 12 miles per hour; (c) failing to protect the crossing by flagman, gates, or other warning device; and (d) that the trainmen failed to maintain a lookout in approaching the crossing or slacken speed of the train when they observed the car upon the tracks.

The defendant filed an answer denying negligence as charged, and further pleaded that if plaintiff was injured as alleged, that he was guilty of contributory negligence in failing to look, listen or observe that he was being driven upon a railroad track upon which defendant's train was being operated.

Upon trial a verdict was returned in favor of the plaintiff in the sum of $2,500 upon which judgment was rendered.

Defendant's appeal raises the question of whether the proof supports the jury's find-

R. M. Mountcastle, James D. Gibson, Muskogee, for plaintiff in error.

Norman & Wheeler, Banker, Bonds & Wilcoxen, Muskogee, for defendant in error.

ing that defendant was guilty of primary negligence, and the further question of whether the proof as to plaintiff's contributory negligence bars his recovery, and whether the instructions adequately submitted the issues to the jury.

Main Street runs North and South in the City of Wagoner. The railroad tracks run in a northwest and southeast direction as they approach the Main Street crossing, at which point they run approximately in an east and west direction. A two story building is located approximately ten feet south of the tracks and sixteen feet west of Main Street at this intersection. There are additional buildings located north of the tracks on the west side of Main Street. The first building is located approximately 100 feet north of the tracks. On the day of the accident Leo Durley had parked his car in the fourth automobile space south of the tracks and on the west side of Main Street, at which point Durley and plaintiff entered the car. Durley backed the car from the curb and proceeded approximately one hundred feet south on Main Street where he made a "U" turn and then proceeded north driving his car in intermediate gear at approximately eight to ten miles per hour. As he started to cross the tracks he first observed the approaching engine. He put the gears in reverse but the car stalled, and before he or the plaintiff could get off of the tracks they were injured by the impact of the engine with the automobile.

The evidence is much in dispute as to whether the engineer blew his whistle or rang the bell on the approaching train which was proceeding in an easterly direction. Durley and the plaintiff Clark, testified that they heard no train whistle or bell, nor other train noise prior to the accident.

Witnesses, Abernathy, Cole and Newton, who witnessed the accident, each testified that they did not hear a whistle or bell of the approaching train. The plaintiff's version of the accident follows: He met Durley at the cafe on Main Street on the day of the accident. Durley asked the witness to accompany him to the courthouse. After Durley made a "U" turn on Main Street he proceeded north and as the car drove out from behind a truck which was parked near the railroad tracks on the west side of Main Street, Durley said: "Look out! There's a train." The witness stated he had not heard the noise of the approaching train or a whistle or a bell, and as he tried to open the door on his side of the automobile the engine ran into the car, causing the plaintiff's injuries complained of.

Blandon, the operator of the cafe located near the railroad crossing on the west side of Main Street, testified that the two story building on Main, adjacent to the tracks, was located very close to the tracks. He observed Durley's car as it approached the tracks and at the point it came to a stop as if the driver intended to put it in reverse. As Durley's car came to a stop the train was coming out from behind the two story building, and it appeared to him that the engineer seemed to be looking at his fireman. He saw Durley wave and try to stop the train. He stated that he heard the whistle of the engine a distance of a block or more from the accident, but did not hear any whistle or bell as the train approached the Main Street crossing; that there were no signals or flagmen at the crossings, nor did any member of the train crew give a warning of the approaching train at the time.

The defendant's witnesses, its engineer and fireman, testified that the whistle and bell were sounded as the train approached the crossing; the station agent at Wagoner, and an employee of the M.K.T. and Mo. Pac. Ry. Companies, each testified that they heard the train whistle as it approached Cherokee Street and continued to sound the whistle to within approximately 50 feet from the Main Street crossing. Three other witnesses, not employees of the defendant company, corroborated the defendant's witnesses with reference to the blowing of the whistle.

It is thus seen that there is an irreconcilable conflict on the pivotal question as to the alleged negligence of a failure to give a warning as the train approached the in-

tersection of Main Street, and whether that failure resulted in the accident and resulting injury to plaintiff.

The record in the case of Fleming v. Pattillo, 196 Okl. 557, 167 P.2d 40 disclosed that, several witnesses testified that they did not hear the train whistle or the bell, and it was contended by counsel that this evidence was negative and without probative value. In passing upon that contention we referred to our former opinion in Kansas, O. & G. Ry. Co. v. Pruitt, 191 Okl. 131, 128 P.2d 231, 233, wherein we said:

"Defendant asserts there is no sufficient proof of negligence or that the negligence charged was the proximate cause of the accident. As to that, we observe deceased was driving his truck over the railway crossing when plaintiff's train struck and killed him. There was conflicting evidence as to whether proper warning signal was given. The facts determined by the jury from the evidence formed the basis of the verdict. We should not reverse. St. Louis-San Francisco Ry. Co. v. Rundell, 108 Okl. 132, 235 P. 491; Collins Cotton Co. v. Wooten-Burton Sales Co., 81 Okl. 67, 196 P. 681."

We, therefore, hold that there was no error in the court's action in refusing to sustain defendant's demurrer to plaintiff's evidence, nor in its refusal to direct a verdict for the defendant.

Defendant next contends that the undisputed proof discloses that both Durley and the plaintiff were guilty of contributory negligence proximately causing the accident, and that therefore no recovery can be had. This contention is based upon plaintiff's evidence to the effect that he wasn't looking for a train; therefore, plaintiff ignored the fundamental duty required by law for his own protection.

In Clark v. St. Louis & S. F. R. Co., 24 Okl. 764, 108 P. 361, and in subsequent decisions we held that the presence of a railroad track is in itself notice of danger to such an extent that it is the duty of a person about to cross the tracks on a public highway to exercise reasonable care and caution in so doing, and to look and listen for approaching trains. Whether the plaintiff was guilty of contributory negligence was a fact question for the jury. Section 6, Art. 23 of the Constitution of Oklahoma. It is immaterial whether that negligence is substantial or inconsequential, for the Constitution specifically says that the defense of contributory negligence in all cases whatsoever is a question of fact and must at all times be decided by the jury. Miller v. Price, 168 Okl. 452, 33 P.2d 624.

In Midland Valley R. Co. v. Townes, Adm'r, 179 Okl. 136, 64 P.2d 712, this court refused to review the finding of the jury as to whether contributory negligence had been established. In the body of the opinion at page 139 of 179 Okl., at page 716 of 64 P.2d, we said:

"In the instant case the jury decided that contributory negligence had not been proved. This finding by the jury on this issue, in view of the constitutional provision, precludes this court from weighing the evidence and concluding as a matter of law that decedent's contributory negligence, rather than the primary negligence of defendant, was the proximate cause of said injury."

The rationale of the foregoing decision is that if contributory negligence is pleaded and there is competent evidence to establish the plea, or if the plaintiff's own testimony tends to support the plea of contributory negligence, that in such a situation under the constitutional provision, supra, the court is precluded from weighing the evidence as to contributory negligence.

Lastly, defendant contends that the court erred in giving to the jury plaintiff's requested instruction No. 2. That instruction advised the jury that it was the duty of the defendant to maintain a bell or a steam whistle upon its locomotive engine, and that warnings should be given as the train approached the highway crossing.

Defendant contends that instruction No. 2 is a repetition of instruction No. 1. This contention is without substantial merit, as instruction No. 1 advised the jury that if

the defendant carelessly and negligently failed to ring the bell or blow the whistle as a warning to those near or about to cross the tracks, and that such failure was the proximate cause of the injury to plaintiff, then to find the issue for the plaintiff. Plaintiff's requested Instruction No. 2, given by the court, was a statement of the statutory duty of a railroad company to maintain a bell of at least thirty pound weight, and a steam whistle upon its locomotive.

■ Defendant contends that the court's instruction No. 22 was erroneous and prejudicial. That instruction reads:

"You are instructed that the statute which requires a railroad company to give certain signals at highway crossings was not intended to furnish a standard by which to determine in every case whether or not such company had failed to discharge its duty in respect to giving sufficient warnings to the traveling public of the approach of its trains. It was intended rather to prescribe the minimum of care which must be observed in all cases.

"You are further instructed that if you believe from a preponderance of the evidence that the railroad crossing where the train of the defendants and the automobile in which plaintiff was a passenger collided and caused the injuries testified to, was an unusual dangerous crossing it was the duty of the defendants to employ such means as was reasonably necessary, considering the character of the crossing, to warn the travelers of the approach of any train approaching said crossing; and in this connection you are instructed that if you find by a preponderance of the evidence that at the place the train struck the automobile in which plaintiff was riding was at the time an unusual dangerous crossing it is for you to say whether or not the means employed by the defendants were of such a nature as to warn the plaintiff of the approaching train to avoid injury while crossing said track."

In Missouri, K. & T. R. Co. v. Stanton, 78 Okl. 167, 189 P. 753, and in St. Louis-San Francisco R. Co. v. Pufahl, Adm'r, 172 Okl. 449, 45 P.2d 729, 732, we held:

"The statute which requires a railroad company to give certain signals at highway crossings was not intended to furnish a standard by which to determine in every case whether or not such company had failed to discharge its duty in respect to giving sufficient warnings to the traveling public of the approach of its trains. It was intended rather to prescribe the minimum of care which must be observed in all cases."

The judgment of the trial court is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and WELCH, CORN, WILLIAMS and BLACKBIRD, JJ., concur.