Max L. RADER, Plaintiff in Error,

v.

James FLEMING, Defendant in Error.

No. 41012.

Supreme Court of Oklahoma.

April 25, 1967.

Rehearing Denied May 23, 1967.

Second Rehearing Denied July 11, 1967.

Gable, Gotwals, Hays, Rubin & Fox, Arthur E. Rubin, Tulsa, for plaintiff in error.

Rucker, Tabor, Shepherd & Palmer, O. H. "Pat" O'Neal, Don J. Harr, Tulsa, for defendant in error.

PER CURIAM:

Plaintiff in error, herein referred to as plaintiff, commenced proceedings to recover damages for personal injuries sustained as a result of an automobile accident. Plaintiff was a passenger in an automobile driven by defendant which struck a bridge abutment. Plaintiff alleged that defendant was negligent in going to sleep while driving. Defendant filed a general denial and alleged contributory negligence on the part of plaintiff in failing to stay awake and going to sleep.

The jury returned a verdict for defendant and judgment was rendered thereon. Plaintiff appealed from the order overruling his motion for a new trial.

Plaintiff contends there was no evidence of contributory negligence on his part and the trial court erred in submitting an instruction on contributory negligence.

Since the facts testified to at the trial are controlling as to the question of the propriety of the instruction of contributory negligence, they are set forth in some detail. There is no substantial disagreement as to the facts which reveal the following:

Plaintiff, an old friend of defendant from Iowa, arrived at defendant's home in Miami, Oklahoma, about noon on Saturday, for a visit. The following day was spent by both plaintiff and defendant in normal activities, and both went to bed at defendant's home sometime between 10:30 p. m. and midnight on Sunday. They arose the next morning at approximately 5:30 a. m. and left Miami at approximately 6:30 a. m. for Tulsa where defendant was to attend a sales meeting. For reasons of comfort, defendant drove plaintiff's car by mutual agreement. Plaintiff made the trip with defendant so that they could continue their visit.

On Sunday night, plaintiff had slept with defendant's 3½ year old son, who passed a rather restless night, resulting in several visitations by defendant of which plaintiff had knowledge. It appeared that neither plaintiff nor defendant had more than five hours' sleep that night.

Plaintiff, with the approval of defendant, slept during most of the trip from Miami to Tulsa. Arriving at Tulsa, defendant spent some three hours at his sales meeting which was concluded at approximately 12:30 p. m. During this period of time, plaintiff relaxed or rested. At the beginning of the return trip, plaintiff asked defendant whether he was sleepy and was

advised that he was not. Plaintiff slept most of the trip to Claremore where defendant was again questioned as to whether he was sleepy and defendant said that he was okay and that plaintiff could go to sleep again if he desired. Plaintiff then went to sleep again.

At a point approximately seventeen miles northeast of Claremore on the Will Rogers Turnpike at approximately 2:00 p. m., defendant, while driving the automobile, apparently went to sleep, veered off the pavement, and struck a bridge abutment, throwing plaintiff to the highway, resulting in the injuries complained of.

Article 23, Section 6, of the Oklahoma Constitution provides:

"The defense of contributory negligence * * * shall, in all cases whatsoever, be a question of fact and shall at all times be left to the jury."

Taylor v. Birks, Okl., 325 P.2d 737, sets out the applicable rule as follows:

"In order for it to be necessary to instruct on the question of contributory negligence there must be some evidence produced at the trial either by the plaintiff or by the defendant, from which contributory negligence could be inferred or presumed * * *."

In Anderson v. Eaton, 180 Okl. 243, 68 P.2d 858, this Court stated:

"The question whether a guest riding in an automobile who falls asleep and is injured as the result of the negligence of the driver, is guilty of contributory negligence, is a question of fact to be determined by the jury."

A general rule applicable to the question involved which appears consistent with the law in Oklahoma is stated in 8 Am.Jur.2d, Automobiles and Highway Traffic, Section 535, p. 93, as follows:

"The conduct of a guest voluntarily going to sleep does not constitute contributory negligence as a matter of law so as to preclude a recovery against the driver who has been found to have been negligent, but rather the question of contributory negligence of a guest is ordinarily one for the jury. *However, a guest may be found guilty of contributory negligence in going to sleep * * * knowing that the driver is apt to go to sleep because of the lateness of the hour or the length of the trip.*" (emphasis ours)

The question of contributory negligence ordinarily is a question of fact and it is only when there is no dispute upon the facts and only one conclusion can be drawn therefrom that it may be decided as a question of law. To decide as a matter of law that plaintiff was not guilty of contributory negligence would be to disregard certain facts and circumstances which constitute some evidence from which contributory negligence could be inferred or presumed. We therefore hold that an instruction on contributory negligence was proper in the instant case.

Plaintiff next contends that the verdict of the jury and the judgment rendered thereon are contrary to and in disregard to the instructions and the evidence. To sustain this contention plaintiff argues that defendant's only defense was contributory negligence and there was no evidence of contributory negligence; that plaintiff sustained injuries; and the only other issue that remained was whether or not the evidence showed negligence on the part of defendant.

We have previously determined that an instruction on contributory negligence was proper and the evidence is undisputed that plaintiff did sustain injuries as a result of the accident. Therefore, the only argument remaining in this contention concerns defendant's negligence.

In Public Service Company of Oklahoma v. Sanders, Okl., 362 P.2d 90, we held that the doctrine of comparative negligence does not obtain in Oklahoma; the law will not weigh or apportion the concurring negligence of plaintiff and defendant; and there can be no recovery by the plaintiff who has been found guilty of contributory negligence. See also Barbe v. Barbe, Okl., 378 P.2d 314.

■ It necessarily follows that defendant's negligence is immaterial in resolving the issue presented for the reason plaintiff could not recover if he were guilty of contributory negligence. In Agee v. Gant, Okl., 412 P.2d 155, we said:

"* * * With regard to the issue of contributory negligence, we have repeatedly held that in view of the constitutional provision making contributory negligence a question of fact for the jury, if there is any evidence from which contributory negligence may be reasonably inferred, the verdict on that issue is conclusive. Const., Art. 23, Sec. 6; * * *."

■ Applying the above rules of law to the facts herein presented, we can not sustain plaintiff's contention that the verdict of the jury and the judgment rendered thereon are contrary to and in disregard to the instructions and the evidence.

Plaintiff, in what is referred to as a "Supplemental Brief", contends that the court's instruction, which in effect stated, "that if you (the jury) find that plaintiff was guilty of contributory negligence, then the plaintiff cannot recover and your verdict must be for the defendant", is violative of Art. 23, Sec. 6, of our Constitution. Plaintiff argues that the use of the word "must" is improper as withdrawing a question of law from the jury.

■ The record conclusively shows that plaintiff took exceptions and objected only to the submission of the instruction on contributory negligence, as he specifically stated to the trial court that he did not object to the form of the instruction. Under this state of the record our review is confined solely to the question of determining whether the instruction is free from fundamental error. See Wade v. Reimer, Okl., 359 P.2d 1071.

■ As heretofore stated, plaintiff would have no right of recovery if the jury found that he was guilty of contributory negligence. Under such circumstances we can not say that the use of the word "must" in the instant instruction constitutes funda-mental error. Whether the use of the word "must" would constitute reversible error if plaintiff had made the proper exceptions and objections to the form of the instruction is not herein considered or determined.

Judgment affirmed.

All the Justices concur.

The Court acknowledges the services of C. D. ELLISON, who with the aid and counsel of RUSSELL V. JOHNSON and JAMES D. FOLIART, as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to Vice Chief Justice PAT IRWIN, for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.