2005 OK 10

**Naomi Lee THOMASON, Plaintiff/Appellant,**

v.

**Ronald M. PILGER, Alternative Transport, Inc., and Great West Casualty Company, Defendants/Appellees.**

No. 98,281.

Supreme Court of Oklahoma.

March 1, 2005.

As Corrected March 8, 2005.

Rehearing Denied May 2, 2005.

James E. Frasier, Frank W. Frasier, John Bogatko, Frasier, Frasier & Hickman, Tulsa, OK, for plaintiff/appellant.

Robert B. Mills, Dan K. Jones, The Mills Law Firm, Oklahoma City, OK, for defendants/appellees.

TAYLOR, J.

¶ 1 The question presented on certiorari is whether the trial judge erred in submitting the issue of plaintiff's contributory negligence to the jury? We answer in the negative.

## I. Facts and Proceedings Below

¶ 2 This cause arises out of a collision between an automobile operated by Delmar Thomason and a heavy truck, a truck-tractor and semi-trailer (semi), operated by Ronald M. Pilger, defendant/appellee. Naomi Thomason, plaintiff/appellant, was a passenger in the automobile driven by her husband, Delmar Thomason. Pilger was driving the semi in the course of his employment with Alternative Transport, Inc., defendant/appellee. At the time of the collision, the semi was insured by Great West Casualty Company, defendant/appellee.

¶ 3 The collision occurred in rainy weather around 11:30 a.m. on April 25, 1999, in Pryor, Oklahoma. The following facts lead up to the collision. Delmar Thomason was driving west on S.E. 9th Street. He stopped at the red light at the intersection with U.S. Highway 69. While the light was still red, he entered the intersection, crossing the northbound lanes to turn left into a southbound lane of U.S. Highway 69. Pilger was driving north on U.S. Highway 69. He had the green light at the intersection with S.E. 9th Street. Pilger approached the S.E. 9th Street intersection as Delmar Thomason started across the northbound lanes of U.S. Highway 69 against the red light. Pilger's semi collided with Thomason's automobile in the intersection. Delmar Thomason was fatally injured and Naomi Thomason was severely injured.

¶ 4 Naomi Thomason sued Pilger, Alternative Transport, Inc. and the estate of Delmar Thomason, alleging that the negligence of each defendant caused her injuries. Subsequently, she added Great West Casualty Company as a party defendant. Naomi Thomason settled and dismissed with prejudice all claims against her late husband's estate. The other defendants answered, alleging, among other defenses, that the collision was caused by Delmar Thomason's negligence and Naomi Thomason's contributory negligence. The negligence claims against Pilger and Alternative Transport, Inc. were tried to a jury. At the conclusion of all the evidence, Naomi Thomason moved for a directed verdict on the issue of her contributory negligence. The trial court denied the motion and submitted all negligence issues to the jury. Without a specific finding of negligence of Naomi Thomason or Pilger, the jury returned an unanimous verdict in favor of Pil-

ger and Alternative Transport, Inc. The trial court entered judgment on the verdict in favor of Pilger, Alternative Transport, Inc. and Great West Casualty Company.[1]

¶ 5 Naomi Thomason appealed, raising error in two of the court's mid-trial rulings: 1) the overruling of an objection to the inquiry of the fact of the settlement with Delmar Thomason's estate; and 2) the overruling of the motion for a directed verdict on the issue of Naomi Thomason's contributory negligence. On the first error, the Court of Civil Appeals concluded that the trial court correctly exercised its discretion in allowing Naomi Thomason, on the witness stand, to answer whether she had settled her claim against her late husband's estate. Naomi Thomason did not seek certiorari review of the Court of Civil Appeals' decision on this issue. This issue is not before us. On the second error, the Court of Civil Appeals determined there was no evidence reasonably tending to show Naomi Thomason's contributory negligence and the issue should not have been submitted to the jury. The Court of Civil Appeals reversed the judgment of the trial court and remanded the cause for a new trial.

¶ 6 Defendants/appellees sought certiorari review. The certiorari petition urged review only of the question as to whether the trial court committed reversible error by submitting the issue of Naomi Thomason's contributory negligence to the jury. We previously granted the petition for writ of certiorari. We vacate that part of the opinion of the Court of Civil Appeals which decided the trial court erred in submitting the contributory negligence issue to the jury· and leave the remainder undisturbed.

## II. Standard of Review

¶ 7 The Court of Civil Appeals applied the standard for review of a denial of a motion for directed verdict, citing *Myers v. Maxey*, 1995 OK CIV APP 148, 915 P.2d 940,

in deciding that the trial court erred in submitting the issue of Naomi Thomason's contributory negligence to the jury. *Myers v. Maxey* correctly stated the general standard· of review of a denial of a motion for directed verdict whereby we examine the record for any evidence that reasonably tends to support a judgment for the party against whom the motion was made, *Trett v. Oklahoma Gas & Electric Co.*, 1989 OK 54, ¶ 6, 775 P.2d 275, 277, disregarding all evidence in favor of the moving party, *Woods v. Fruehauf Trailer Corp.*, 1988 OK 105, ¶ 8, 765 P.2d 770, 772. However, in light of art. 23, § 6 of the Oklahoma Constitution, this Court has fashioned a different evidentiary test for ruling on a motion for directed verdict on the issue of contributory negligence and standard for review of that ruling.

¶ 8 The Oklahoma Constitution, art. 23, § 6 provides that the "defense of contributory negligence ... shall, in all cases whatsoever, be a· question of fact, and shall, at all times, be left to the jury." [2] Early jurisprudence construed this constitutional language to require the trial court to instruct the jury on contributory negligence whenever it is pleaded even in the absence of any supporting evidence. *Miller v. Price*, 1934 OK 332, ¶¶ 14–21, 33 P.2d 624, 627–28. Finding this early construction to be overly broad and to be potentially confusing to juries, *Miller v. Price* announced a minimal evidence test. *Miller v. Price* concluded that the constitution requires the contributory negligence defense be submitted to the jury if there is any evidence of an act, omission, or circumstance tending to prove contributory negligence or from which an inference of contributory negligence might be drawn. *Id.*, 1934 OK 332, at ¶¶ 22–23, 168 Okla. 452, 33 P.2d at 628. Pleading the defense of contributory negligence alone will not warrant instructing the jury on the issue under *Miller v. Price*. However, it is only when there·is no dispute of the facts and only one conclusion can be

---

1. The trial court ruled that Great West Casualty Company, the insurer for Alternative Transport, Inc., would not be disclosed to the jury as a party defendant until after the jury made findings of liability. Accordingly, the jury rendered its verdict in favor of defendants Pilger and Alternative Transport, Inc. only. The·trial court, however,

entered judgment in favor of all three defendants.

2.· The provisions of Okla. Const., art. 23, § 6 are codified in 23 O.S.2001, § 12.

drawn therefrom that the trial court may decide the issue of contributory negligence as a matter of law. *Kansas, O. & G.Ry.Co. v. Clark*, 1953 OK 276, ¶ 17, 262 P.2d 426, 429. Under *Miller v. Price*, the issue of contributory negligence must be submitted to the jury if there is any evidence produced at trial, either by plaintiff or defendant, from which contributory negligence might be inferred. *Denco Bus Lines, Inc. v. Rose*, 1950 OK 241, ¶ 3, 203 Okla. 466, 224 P.2d 260, 260–61.

¶ 9 On appeal, consistent with the minimal evidence test announced in *Miller v. Price*, we review all the evidence presented to the jury and consider all inferences which may be reasonably drawn therefrom to determine whether the trial court should have submitted the question of contributory negligence to the jury. *Clanton v. Mundell*, 1935 OK 974, ¶ 5, 174 Okla. 428, 51 P.2d 760, 761. The withholding of the issue of contributory negligence from the jury will be affirmed only if there is a complete absence of proof of contributory negligence or circumstances from which contributory negligence may be inferred. *Graham v. Keuchel*, 1993 OK 6, ¶ 38, 847 P.2d 342, 358.

### III. Contributory Negligence of a Passenger

¶ 10 Negligence is the want of ordinary care. 76 O.S.2001, § 5. Contributory negligence is an act or omission on the part of a plaintiff amounting to want of ordinary care which, together with the negligence of the defendant, is the proximate cause of the plaintiff's injury. *Sloan v. Anderson*, 1932 OK 782, 160 Okla. 180, 18 P.2d 274. While a passenger stands in a different position than a driver, a passenger must use ordinary care for his or her safety or "be open to the charge of contributory negligence". *Stillwater Milling Co. v. Templin*, 1938 OK 203, ¶ 13, 182 Okla. 309, 77 P.2d 732, 735. The settled rule in this jurisdiction is that a passenger in a moving vehicle must use ordinary care for his or her own safety, *Matchen v. McGahey*, 1969 OK 48, ¶ 25, 455 P.2d 52, 58; and in order to exercise ordinary care, the passenger may be required, by reason of all the circumstances involved, to caution the driver against the manner of the vehicle's operation or warn the driver of a dangerous condition. *Id.*

¶ 11 What act or omission of a passenger constitutes contributory negligence depends upon the facts and circumstances established in each case, and generally it is a question of fact to be decided by the jury under appropriate instruction. *Id.* 1969 OK 48 at ¶ 0, 455 P.2d 52, Syllabus by the Court, No. 2; *Hasty v. Pittsburg County Ry. Co.*, 1925 OK 576, 112 Okla. 144, 240 P. 1056, 1059. For instance, contributory negligence of the passenger was a question of fact to be determined by the jury where the passenger went to sleep, *Rader v. Fleming*, 1967 OK 104, ¶ 13, 429 P.2d 750, 752, when the passenger failed to caution about dangerous driving or watch for road hazards, *Bradshaw v. Fields*, 1977 OK 240, ¶ 10, 572 P.2d 552, 553–54, or when the vehicle was struck while crossing a railroad track, *Kansas O. & G. Ry. v. Clark*, 1953 OK 276, ¶ 17, 262 P.2d 426, 429. We have carefully reviewed the record, and although no witness testified about Naomi Thomason's acts or omissions, we cannot say there is a complete absence of proof of circumstances from which an inference of her contributory negligence might have been drawn.

### IV. The Facts and Circumstances in This Case

¶ 12 The evidence relating to the facts and circumstances of the collision in this case included the testimony of Naomi Thomason, Pilger, two eye witnesses, the investigating officer and expert witnesses. Naomi Thomason testified that she had no memory of the color of the light, she did not see the semi, and she cannot recall the events leading up to the collision. The two eye witnesses testified they saw the Thomason vehicle stop at the red light, then proceed into the intersection while the light was still red, and almost immediately thereafter, Pilger's semi collide with the Thomason vehicle. Pilger testified he was traveling on U.S. Highway 69 at a speed of about forty-three miles per hour, he saw the Thomason vehicle stopped at the intersection, then the Thomason vehicle was in front of him and his semi

collided with it. The investigating officer testified that he arrived at the scene of the accident within two or so minutes and it was pouring down rain at that time. He also testified the accident was a T-bone impact, the pavement was slick from the rain and the semi pushed the Thomason vehicle some 267 feet before coming to a stop. The expert witnesses gave conflicting testimony regarding the rate of speed the semi was traveling, the import of the skid marks and the visibility of vehicles at the time of the collision.

¶ 13 Plaintiff took the position that there was no evidence tending to prove her contributory negligence in any degree. On appeal, she urged that her presence in the vehicle, in and of itself, was insufficient to submit the issue of contributory negligence to the jury. She argued there must be evidence as to whether she, the passenger, had the same opportunity as the driver to observe dangerous conditions and whether she, the passenger, failed to remonstrate the driver about the observed dangerous conditions.

¶ 14 Defendants took the position that the evidence tended to prove that Naomi Thomason failed to keep a proper lookout and failed to warn her husband about the red light. On appeal, they argued that the evidence clearly proved Delmar Thomason ran a red light when he entered the intersection in front of Pilger's semi and that the jury could have reasonably inferred from the evidence that Naomi Thomason failed to warn her husband of the impending dangers. Accordingly, defendants urged that the trial court did not err in submitting the contributory negligence issue to the jury.

¶ 15 We agree with plaintiff, Naomi Thomason, that the basic fact of being a passenger in a vehicle involved in an accident does not create a contributory negligence fact issue that must be submitted to the jury. We also agree with defendants, Pilger and Alternative Transport, Inc., that an inference could be drawn from the proof of the circumstances of the accident that Naomi Thomason did not exercise ordinary care for her own safety to avoid the accident and did not adequately caution and warn the driver of the dangers and hazards.

¶ 16 The record reflects that the trial judge thoroughly considered the motion for directed verdict on the contributory negligence issue. In denying Naomi Thomason's motion, the trial judge correctly found there was "a scintilla of evidence in the record from which a jury might consider the question of contributory negligence". The trial judge properly submitted the contributory negligence issue to the jury.

### V. Conclusion

¶ 17 In a jury trial, the issue of contributory negligence must be submitted to the jury if there is any evidence of an act, omission, or circumstance tending to prove contributory negligence or from which an inference of contributory negligence might be drawn. To withhold the issue of contributory negligence from the jury, there must be a complete absence of proof of contributory negligence or circumstances from which contributory negligence may be inferred. The appellate court will examine all the evidence presented to the jury and consider all inferences which may be reasonably drawn therefrom to determine whether the question of contributory negligence should have been submitted to the jury. Accordingly, that part of the opinion of the Court of Civil Appeals relating to the issue of Naomi Thomason's contributory negligence must be vacated, leaving the remainder undisturbed, and the judgment of the district court must be affirmed.

**OPINION OF THE COURT OF CIVIL APPEALS VACATED IN PART; JUDGMENT OF THE DISTRICT COURT AFFIRMED.**

¶ 18 WATT, C.J., WINCHESTER, V.C.J., LAVENDER, HARGRAVE, OPALA, EDMONDSON and COLBERT, JJ., concur.

¶ 19 KAUGER, J. concurs in part and dissents in part.

I would deny certiorari as improvidently granted.