2009 OK CIV APP 39

James D. CLABORN and Debbie Claborn, Plaintiffs/Appellants,

v.

PLAINS COTTON COOPERATIVE ASSOCIATION d/b/a Oklahoma Cotton Cooperative Association, Defendant/Appellee.

No. 105,479.

Court of Civil Appeals of Oklahoma, Division No. 1.

Feb. 6, 2009.

Certiorari Denied April 23, 2009.

Darrell Latham, Latham, Nelson & Associates, P.L.L.C., Altus, Oklahoma, and Micky Walsh, Jerry Fraley, Beeler, Walsh & Walsh, P.L.L.C., Oklahoma City, OK, for Plaintiffs/Appellants,

James L. Gibbs, II, Goolsby, Proctor, Heefner & Gibbs, P.C., Oklahoma City, OK, for Defendant/Appellee.

KENNETH L. BUETTNER, Judge.

¶ 1 Plaintiffs/Appellants James Claborn and Debbie Claborn appeal from judgment entered on a jury verdict in favor of Defendant/Appellee Plains Cotton Cooperative Association d/b/a/ Oklahoma Cotton Cooperative Association (Plains Cotton). The Claborns challenge the jury instructions and the trial court's decision to sustain an objection to a question of a witness. The trial court properly instructed the jury and

did not abuse its discretion in sustaining the objection at issue. We affirm.

¶ 2 In their Petition, the Claborns asserted a cause of action for negligence and gross negligence.[1] They claimed that James Claborn, a truck driver employed by Big Iron Transportation, was injured when he fell as he attempted to secure a tarp over cotton bails loaded on his trailer at Plains Cotton's Altus facility. The Claborns asserted Plains Cotton was negligent or grossly negligent for failing to have a harness or fall-arrest system in place to prevent James Claborn's fall. The Claborns contended Plains Cotton's negligence resulted in James Claborn suffering a broken back, shoulder and leg problems, a later heart attack, bed sores, and inability to return to work.

¶ 3 Plains Cotton asserted it owed no duty to the Claborns to protect James Claborn from the fall. Plains Cotton claimed that James Claborn's employer, Big Iron Transportation, had directed him to cover the load of cotton with a tarp, and that Big Iron provided the tarp, straps, and instruction. Plains Cotton further claimed that James Claborn was aware of the risk of falling while putting the tarp over the load. Plains Cotton also argued that because James Claborn was not its employee, any OSHA regulations to which Plains Cotton was subject did not protect James Claborn. Plains Cotton argued that Big Iron directed all of James Claborn's acts and Plains Cotton had no control over James Claborn's action at the time of his fall.

¶ 4 Jury trial on the Claborns' claim was held December 17–19, 2007.[2] The jury returned its verdict in favor of Plains Cotton and the trial court entered judgment accordingly. A judgment on a jury verdict will be affirmed if it is supported by any competent evidence reasonably tending to support the verdict. *Lierly v. Tidewater Petroleum Corp.*, 2006 OK 47, ¶ 15, 139 P.3d 897.

¶ 5 The Claborns' claims on appeal challenge the jury instructions and a ruling on an objection to a question. In addressing alleged errors in the jury instructions, we must consider whether the instructions as a whole fairly and accurately stated the applicable law. *Dutsch v. Sea Ray Boats. Inc.*, 1992 OK 155, 845 P.2d 187. We may not set aside a verdict for misdirection of the jury unless the error has probably resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right. 20 O.S.2001 § 3001.1.

¶ 6 The Claborns complain first that the trial court gave the uniform instructions on the duty owed to an invitee, rather than one of three modified versions proposed by the Claborns. The trial court's instructions to the jury numbered 11, 12, and 13 were OUJI–Civ instructions 11.10, 11.11., and 11.12, respectively.[3] The Claborns appeal

---

1. Although it is not pertinent to our decision, we note the trial court instructed the jury that Debbie Claborn had made a claim against Plains Cotton for loss of consortium; however, the Petition does not contain such a claim, and the record designated for appeal does not include an amended petition.

2. The evidence showed that Plains Cotton is a cooperative of cotton sellers. Cotton buyers sent trucks with either enclosed or flat-bed trailers to pick up loads of cotton at Plains Cotton's Altus facility. James Claborn went to Plains Cotton at the direction of Big Iron Trucking, driving a semi-truck and pulling a flat-bed trailer, both owned by Big Iron. Plains Cotton employees used machines to load cotton bales onto the flat-bed trailer. While the machines loaded the cotton bales, James Claborn got tarps and straps out of the truck and put them on the ground next to the trailer. After loading the cotton, Plains Cotton employees used the same machines to place the tarps, provided by Big Iron, over the cotton.

Big Iron required James Claborn to secure the tarps over the loaded cotton. James fell several feet to the ground when he slipped while climbing up to secure the tarps on the cotton loaded onto the flat-bed trailer. James previously had picked up loads at Plains Cotton before and tarped the loads in the same manner without injury. A Plains Cotton employee testified that drivers had been climbing up on loads of cotton to secure the tarps for the last thirty years. Certain other facilities which loaded merchandise on trucks offered elevated platforms on which the person tarping the load could stand.

3. The trial court's Instruction Number 11 provided:

DUTY TO INVITEE TO MAINTAIN PREMISES—GENERALLY
It is the duty of the owner to use ordinary care to keep its premises in a reasonably safe condition for the use of its invitees. It is the duty of the owner either to remove or warn the invitee of any hidden danger on the premises that the

the trial court's refusal to give their proposed instructions numbered 9, 10, and 11, which they assert are modified versions of OUJI–Civ 11.10.[4]

¶ 7 When the Oklahoma Uniform Jury Instructions (OUJI) contain an applicable instruction, the OUJI instruction "shall be used unless the court determines that it does not accurately state the law." 12 O.S.2001 § 577.2. The Claborns contend the OUJI instructions did not accurately state the law applicable to this case because both James Claborn and Plains Cotton "knew that the process of climbing on top of the loaded cotton bales in order to fasten the appropri-

ate straps and spread the tarps would put Mr. Claborn in a precarious position … (and) knew that (Plains Cotton) did not supply a fall restraint system." The Claborns argue that this is not a typical premises liability case because there was no issue whether the danger was open and obvious.[5] The Claborns further argue that Plains Cotton was required to have a fall restraint system in place to meet the standard of care in the industry and to comply with OSHA regulations. They also assert that James Claborn had no choice but to subject himself to the danger of climbing onto the loaded cotton bales or forfeit his employment with

---

owner either actually knows about, or that it should know about in the exercise of reasonable care, or that was created by it or any of its employees who were acting within the scope of their employment. This duty extends to all portions of the premises to which an invitee may reasonably be expected to go.

The trial court also gave OUJI–Civ 9.1, 9.2, and 9.6 (which address negligence and causation), as directed by the OUJI Notes on Use for OUJI–Civ 11.10. The trial court additionally included OUJI–Civ 11.3, which defined "invitee."

The trial court's Instruction Number 12 provided:

A hidden danger is a dangerous condition that the invitee does not actually know about and would not be expected to observe in the exercise of ordinary care. A hidden danger may be totally or partially obscured from sight but it need not be if the circumstances are such that the invitee would not be expected to observe the dangerous condition in the exercise of ordinary care.

The trial court's Instruction Number 13 provided (italics in original):

*OPEN AND OBVIOUS DANGER*

The owner/occupant has no duty to protect invitees licensees (*sic*) from or warn them of any dangerous condition that is open and obvious, as such a danger is ordinarily readily observable by invitees licensees (*sic*).

4. The three proposed but rejected instructions at issue here provided:

Instruction No. 9

DUTY TO INVITEE TO MAINTAIN PREMISES IN A SAFE CONDITION

It is this Defendant's duty, if it knew or should have known, that the drivers of flat-bed semi-trucks regularly spread tarpaulins over the top of cotton bales loaded by the Defendant's employees, to provide the means by which that tarpaulin could be spread in a safe manner.

Instruction No. 10

DUTY TO INVITEE TO MAINTAIN PREMISES IN A SAFE CONDITION

It is this Defendant's duty, if it knew or should have known, that the drivers of flat-bed semi-trucks regularly spread tarpaulins over the top of cotton bales loaded by the Defendant's employees, to provide the means by which that tarpaulin could be spread in a safe manner.

This Defendant is further required to provide a system by which the drivers of semi-trucks could safely spread a tarpaulin over loaded cotton bales. This includes a means by which safe access could be made to the top of the bales including, but not limited to, a ladder and means by which the drivers could be safely secured so that, in the event of a fall, the risk of injury would be substantially reduced including, but not limited to, a safety harness cabled to a beam secured to the ceiling of Defendant's warehouse.

Instruction No. 11

DUTY TO INVITEE TO MAINTAIN PREMISES–MODIFIED

It is the duty of the owner to use ordinary care to keep its premises in a reasonably safe condition for the use of its invitees. It is the duty of the owner either to remove or warn the invitee of any hidden danger on the premises that the owner either actually knows about, or that it should know about in the exercise of reasonable care. This duty extends to all portions of the premises to which an invitee may reasonably be expected to go.

This Defendant's duty included an obligation to provide a fall restraint system because it knew or should have known drivers of flat-bed semi-trucks would have to climb to a height equal to or greater than 10′ in order to spread tarpaulins over loaded cotton bales.

5. In *Marshall v. Hale–Halsell Co.*, 1997 OK 3, 932 P.2d 1117, the Oklahoma Supreme Court held that a company had no duty to warn a delivery driver invitee of an open and obvious danger.

Big Iron. The authority on which the Claborns rely does not support their argument. *Gaines v. Comanche County Med. Hospital,* 2006 OK 39, 143 P.3d 203, 213, provides, in a concurring opinion, that private industry standards of conduct "have no official or legal status except to govern the conduct of the profession and industry, courts generally admit them unless a challenge is sustained." *Id. Smith v. Kris–Bal Realty, Inc.,* 242 N.J.Super. 346, 576 A.2d 934 (1990) found it was error to instruct the jury to disregard an expert's testimony on the industry standard of care. Holding that evidence of a private industry standard is admissible is not equivalent to a finding that the trial court must have instructed the jury that Plains Cotton had a duty to install a fall restraint system.

¶ 8 The authority cited by the Claborns does not support their claim that the trial court should have given one of their proposed modified instructions on the duty owed to an invitee. The proposed modified instructions each effectively instructed that Plains Cotton was negligent per se and directed a verdict against Plains Cotton.

¶ 9 Beyond any implied negligence per se direction in the three proposed instructions discussed above, the Claborns also complain that the trial court erred in rejecting their proposed instruction expressly stating that it was negligence per se not to comply with certain OSHA regulations.[6] The plain language of the OSHA regulations at issue direct *employers* to act in certain ways to protect *employees*.[7] This case does not involve any claim related to James Cla-

born's employer, Big Iron Trucking, and its compliance with OSHA standards in order to protect James Claborn. In *Orduna v. Total Const. Services, Inc.,* 271 Neb. 557, 713 N.W.2d 471 (Neb.2006), cited by the Claborns in support of the previous proposition, the Nebraska Supreme Court plainly stated:

> ... in a negligence action brought by a nonemployee third party against a construction company, *a violation of an OSHA regulation, while not negligence as a matter of law,* may nonetheless be evidence of negligence to be considered with all the other evidence in the case. Our holding is consistent with this court's prior law providing that the violation of a safety regulation, established by statute or ordinance, is not negligence as a matter of law, but is evidence of negligence which may be considered in connection with all the other evidence in the case in deciding the issue. Similarly, the violation of a statute is not negligence per se, but is evidence of negligence.

*Id.* at 564–565, 713 N.W.2d 471. In *Orduna,* the court held that evidence of violation of OSHA standards may be admissible evidence in a case against a non-employer. Nothing in *Orduna* states that an OSHA regulation provides the standard of care owed to a non-employee, that the jury must be instructed that a defendant owes such a duty to a non-employee, or that it is negligence per se for a business invitor not to comply with an OSHA regulation as to a non-employee.

---

6. The Claborns' proposed Instruction Number 12 was a modified version of OUJI–Civ 9.10 and stated:

    NEGLIGENCE PER SE–VIOLATION OF STATUTE OR ORDINANCE
    In addition to the duty to exercise ordinary care, there are also duties imposed by laws and regulations. If you find that the Defendant violated the following standard and the violation was the direct cause of Mr. Claborn's injury, then such violation in and of itself would make the Defendant negligent. There was in force and effect in at the time of the occurrence the following:
    29 C.F.R.1910.132(a)-Protective equipment shall be provided, used and maintained in a reliable condition whenever it is necessary by reason of hazards or processes or in environ-

ment encountered in a manner capable of causing injury of impairment in the function of any part of the body through physical contact.
    29 C.F.R.1910.132(d)(1)—The employer shall assess the workplace to determine if hazards are present, or are likely to be present, which necessitate the use of personal protective equipment (PPE). If such hazards are present, or likely to be present, the employer shall:
    (i)—select, and have each affected employee use, the types of PPE that will protect the affected employee from the hazards identified in the hazard assessment(.)

7. The Claborns' expert witness, Gary Nelson, testified about the OSHA regulations and testified that they were applicable to Plains Cotton in relation to James Claborn.

¶ 10 The Claborns' final claim regarding the instructions is that it was error to instruct on comparative negligence and to provide a verdict form for comparative negligence. Contributory negligence is an act or omission on the part of a plaintiff amounting to want of ordinary care which, together with the negligence of the defendant, is the proximate cause of the plaintiff's injury. *Sloan v. Anderson*, 1932 OK 782, 160 Okla. 180, 18 P.2d 274. The Oklahoma Constitution, art. 23, § 6 provides that the "defense of contributory negligence . . . shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury." That section requires that the contributory negligence defense be submitted to the jury if there is any evidence of an act, omission, or circumstance tending to prove contributory negligence or from which an inference of contributory negligence might be drawn. *Miller v. Price*, 1934 OK 332, 33 P.2d 624, 628–9; *Thomason v. Pilger*, 2005 OK 10, ¶ 8, 112 P.3d 1162, 1165–6. Pleading the defense of contributory negligence alone will not warrant instructing the jury on the issue. However, contributory negligence is an issue of law only when there is no dispute of the facts and only one conclusion may be drawn from the evidence. *Kansas, O. & G. Ry.Co. v. Clark*, 1953 OK 276, ¶ 17, 262 P.2d 426, 429. Only a scintilla of evidence of contributory negligence is required to submit the issue to the jury. *Thomason, supra*, 2005 OK 10 at ¶ 16, 112 P.3d 1162. Here, James Claborn was required to use ordinary care for his safety. The Claborns do not dispute that the danger was open and obvious and that James Claborn appreciated the risk when he attempted to climb up the load of cotton and to grab the straps to tarp the cotton. The record does not show a complete absence of evidence of contributory negligence. The trial court therefore properly left that issue of fact to the jury's determination.

¶ 11 Having reviewed all of the instructions, we find the instructions as a whole fairly and accurately presented the law on the issues presented and do not show a reasonable probability that the jury was misled or reached a different conclusion than they would have if the requested instructions had been given. We therefore do not find reversible error in the instructions.

¶ 12 The Claborns' final allegation of error is that the trial court should not have sustained Plains Cotton's objection to one question by the Claborns. The challenged exchange, between Plains Cotton Manager Jay Corwart and counsel for the Claborns, followed Corwart's testimony that once the cotton is loaded onto a buyer's truck, Plains Cotton employees are no longer responsible for the load. The Claborns then asked:

> Q: Now, if you had your employees tarp that cotton, would you provide a safety restraint system, a harness system, for them?
>
> A: I'm not going to have my employees tarp that cotton.
>
> Q: If you did have your employees tarp the cotton, would you provide them a safety restraint system?
>
> Counsel for Plains Cotton: Your Honor, I'm going to object. It's a hypothetical.
>
> The Court: Sustained.

Counsel for the Claborns then moved on without any discussion. The trial court is granted broad discretion in ruling on objections. The trial court's decision whether to admit or exclude evidence will not be reversed absent a finding of a clear abuse of discretion. *Cities Service Co. v. Gulf Oil Corp.*, 1999 OK 14, 980 P.2d 116, 132. In this case, the trial lasted three days. The ruling challenged here does not show an abuse of discretion; additionally, nothing indicates the one sustained objection at issue here affected the verdict in any way.

¶ 13 The jury's verdict is supported by competent evidence and the Claborns have not shown the existence of reversible error. Accordingly, the judgment is AFFIRMED.

BELL, P.J., and ADAMS, J., concur.