CLARK BILT, INC., APPELLEE, V. WELLS DAIRY COMPANY, APPELLANT.

261 N. W. 2d 772

Filed February 1, 1978. No. 41282.

Robert E. Otte of Deutsch, Jewell, Otte, Gatz, Collins & Domina, for appellant.

Magnuson, Magnuson & Peetz, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BRODKEY, J.

Wells Dairy Company, defendant and appellant herein, appeals from a jury verdict and judgment in favor of Clark Bilt, Inc., plaintiff and appellee herein, in a negligence action arising out of a motor vehicle accident which occurred on September 26, 1974, in Holt County, Nebraska. The plaintiff was the owner of a modular home which was being transported by truck to an installation site in northeast Nebraska. Defendant's ice cream truck collided head-on with a portion of the modular home which was extending over the centerline of the roadway when plaintiff's truck was crossing a bridge on U. S. Highway No. 275 near Ewing, Nebraska. The plaintiff alleged that the accident was caused by the negligence of the defendant for the reason that defendant's driver failed to keep a proper lookout, to apply his brakes, to yield the right-of-way to plaintiff's vehicle, and to heed the warnings given by an escort car, which preceded plaintiff's truck to warn oncoming traffic of a "wide-load."

Defendant denied plaintiff's allegations of negligence, and filed a cross-petition in which it was alleged that plaintiff's driver was negligent in failing to keep a proper lookout, stop, yield the right-of-way to defendant's vehicle, and properly warn oncoming traffic of a "wide-load." Defendant also alleged that plaintiff's driver was driving across the centerline, and was driving upon a highway for which he had no permit to transport a "wide-load." The issues of negligence, as raised by the pleadings, were submitted to the jury, which returned a verdict in favor of the plaintiff. Defendant has appealed to this court, contending that the trial court erred in overruling its motions to direct a verdict in its favor and to dismiss plaintiff's petition; in submitting to the jury the issue of whether the defendant was negligent for failing to yield the right-of-way to the plaintiff; and in failing to adequately instruct the

jury with respect to the statutory definition of the term "right-of-way." We affirm the judgment of the District Court.

The accident in question occurred on the Cash Creek Bridge on U. S. Highway No. 275 approximately 2½ miles east of Ewing. The bridge is 120 feet long and 24 feet wide, with a road surface width of approximately 22½ feet. Plaintiff's modular home, which was 14 feet wide, was being transported on a semitruck driven by Jack Wyckoff. The truck was equipped with "wide-load" signs on both the front and back. It was preceded by an escort car which had a flashing, amber dome light, a wide-load sign on the roof, and red flags on all four fenders. The escort car went across the bridge and slowed down to warn oncoming traffic. As Wyckoff approached the bridge from the east, he reduced his speed to approximately 15 to 20 miles per hour, and observed the driver of the escort vehicle waving a flag out his window to warn oncoming traffic as Wyckoff's truck entered the east end of the bridge. Wyckoff acknowledged that about 2½ to 3 feet of the modular home were over the centerline of the roadway as he crossed the bridge, even though he attempted to stay as close as possible to the right side of the bridge. It is undisputed, given the dimensions of the bridge and the modular home, that Wyckoff's truck could not cross the bridge without the home protruding over the centerline of the roadway. Wyckoff observed the defendant's vehicle, approaching from the opposite direction, by the escort car when Wyckoff entered the bridge at its east end. He testified that the defendant's vehicle proceeded onto the bridge and struck the modular home when Wyckoff's truck was only 2 feet from the west end of the bridge.

Defendant's driver, Richard Jeager, stated that he observed the escort car and plaintiff's truck when he was a mile from the bridge. Jaeger was traveling

50 miles per hour, and slowed down to 40 to 45 miles per hour as he approached the escort car. He stated that plaintiff's truck was still on the other side of the bridge as he went past the escort car, and that Wyckoff came onto the bridge at the same time Jaeger did. Jaeger acknowledged that he did not reduce his speed after passing the escort car, and continued to travel 40 miles per hour until he struck the modular home. Jaeger testified that he remained to the right as far as possible at all times. A state patrolman testified he questioned Jaeger after the accident, and that Jaeger said he "had apparently underestimated the distance of the (plaintiff's) vehicle, and thought that he could make it across the bridge."

Finally, plaintiff's permit to transport a wide-load over Nebraska highways was admitted in evidence. U. S. Highway No. 275 was not listed on the permit as one of the highways over which plaintiff had requested authority to travel. There was not, however, any specific evidence indicating that any violation of the rules and regulations of the Department of Roads pertaining to permits for overdimensional loads was the proximate cause of the accident.

Defendant first contends that it was entitled to a directed verdict because plaintiff's modular home was extending over the centerline of the roadway at the time of the accident, in violation of section 39-620, R. R. S. 1943; and because plaintiff's driver was on a highway over which his permit to transport a wide-load did not authorize him to travel, in violation of section 39-6,177, R. R. S. 1943, and rules and regulations of the Department of Roads. The thrust of defendant's argument is that its driver had the right to proceed on his side of the road, and that plaintiff's driver was negligent as a matter of law because the modular home protruded approximately 2½ to 3 feet over the centerline of the roadway. In a related argument, defendant contends that it was er-

ror for the trial court to submit to the jury, plaintiff's claim that defendant's driver was negligent in failing to yield the right-of-way to plaintiff's vehicle when it was crossing the bridge.

It is the rule in Nebraska that the violation of a safety regulation, established by statute or ordinance, is not negligence as a matter of law, but is evidence of negligence which may be considered in connection with all the other evidence in the case in deciding that issue. Similarly, the violation of a statute is not negligence per se, but only evidence of negligence. See Krehnke v. Farmers Union Co-op. Assn., 199 Neb. 632, 260 N. W. 2d 601 (1977). The jury was so instructed in the present case. Therefore, violation of a statute or regulation by plaintiff's driver, standing alone, is not sufficient to sustain a directed verdict in favor of the defendant. This court must look at the evidence in its entirety to determine whether defendant's motion for a directed verdict should have been sustained. In determining whether a party is entitled to a directed verdict, the evidence must be considered most favorably to the party against whom the motion is directed. Every controverted fact must be resolved in his favor, and he is entitled to the benefit of every reasonable inference which may be drawn therefrom. Treffer v. Seevers, 195 Neb. 114, 237 N. W. 2d 114 (1975).

Section 39-620, R. R. S. 1943, provides that upon all roadways of sufficient width, a vehicle shall be driven upon the right half of the roadway. Section 39-621, R. R. S. 1943, provides that passing vehicles proceeding in opposite directions shall each keep to the right side of the roadway, passing left to left. The bridge, in the present case, was of sufficient width to permit normal sized vehicles to pass each other, each on the right side of the road. Under ordinary circumstances, therefore, defendant is correct in stating that its driver had the right to proceed on his side of the road without interference

from other vehicles traveling in the opposite direction.

A driver of a motor vehicle, however, has the duty to keep a proper lookout and watch where he is driving, even though he has the right-of-way. Hayes v. Anderson Concrete Co., Inc., 186 Neb. 771, 186 N. W. 2d 477 (1971). Although a driver may have the right-of-way, if the situation is such as to indicate to the mind of an ordinarily careful and prudent person in his position that to proceed would probably result in a collision, then he should exercise ordinary care to prevent an accident, even to the extent of waiving his right-of-way. Brugh v. Peterson, 183 Neb. 190, 159 N. W. 2d 321 (1968); Maska v. Stoll, 163 Neb. 857, 81 N. W. 2d 571 (1957). One having the right-of-way may not, on that account, proceed in disregard of the surrounding circumstances and potential dangers. One having a right-of-way is not thereby relieved from the duty of exercising ordinary care to avoid accidents. Laux v. Robinson, 195 Neb. 601, 239 N. W. 2d 786 (1976); Malcom v. Dox, 169 Neb. 539, 100 N. W. 2d 538 (1960). The jury was advised of these rules of law in the trial court's instructions.

In the present case, we believe the facts were such that a jury question was raised concerning whether defendant's driver exercised ordinary care to prevent an accident by yielding the right-of-way, even though he remained on his side of the road and plaintiff's modular home protruded on defendant's side of the road. It is the general rule that where two vehicles, traveling in opposite directions, approach a bridge on a public highway, it is the duty of each driver to keep on the right of the center if the bridge is a safe, two-way drive. In approaching a bridge too narrow to permit the vehicles to pass each other, however, a driver should exercise due care to avoid being on the bridge simultaneously with the other vehicle. See Chana v. Mannlein, 141 Neb. 312, 3 N. W. 2d 572 (1942). See, also, Pospichal v. Wiley, 163

Neb. 236, 79 N. W. 2d 275 (1956). The evidence at trial indicated that plaintiff's modular home extended over the centerline of the roadway by necessity because plaintiff's driver could not cross the bridge unless he moved his truck slightly to the left to avoid colliding with the right side of the bridge. There was evidence from which the jury could find that plaintiff's truck entered the bridge first, and that it was almost to the point of leaving the bridge at the time defendant's driver entered the bridge and struck the modular home. Defendant's driver admitted seeing both the escort car and plaintiff's truck, yet did not reduce his speed after going by the escort car. He knew he was approaching a vehicle transporting a wide-load over a bridge, and told a law enforcement officer that he had "underestimated" the distance of plaintiff's vehicle and thought he could make it across the bridge.

Under the particular facts of this case, we conclude that it was proper for the trial court to submit to the jury the issue of whether defendant's driver acted as an ordinarily careful and prudent person in proceeding onto the bridge and in failing to yield the right-of-way to plaintiff's truck, despite his knowledge of the warnings and the circumstances in general. Therefore, it was not error for the trial court to overrule defendant's motion for a directed verdict and motion to dismiss plaintiff's petition, nor to submit to the jury plaintiff's claim that defendant's driver was negligent in failing to yield the right-of-way to plaintiff's driver.

Defendant also contends that the trial court erred in failing to advise the jury of the statutory definition of the term "right-of-way." Section 39-602 (80), R. R. S. 1943, defines that term as follows: "Right-of-way shall mean the right of one vehicle or pedestrian to proceed in a lawful manner in preference to another vehicle or pedestrian approaching under such circumstances of direction, speed, and prox-

imity as to give rise to danger of collision unless one grants precedence to the other." In Johnson v. Griepenstroh, 150 Neb. 126, 33 N. W. 2d 549 (1948), this court held that the term "right-of-way" required no definition in instructions to a jury because it was an expression of common usage, generally understood by everyone of ordinary intelligence. That case, however, was decided prior to the enactment of section 39-602 (80), R. R. S. 1943.

Although it would have been preferable for the trial court to instruct the jury with respect to the statutory definition of "right-of-way," we conclude that its failure to do so in the present case was not reversible error. The defendant did not request the trial court to so instruct the jury, nor did it object to any instruction in which the term "right-of-way" was used on the ground that the term needed clarification. Error cannot be predicated on a failure to instruct on some particular aspect of the case unless a proper instruction has been requested by the party complaining. See Krehnke v. Farmers Union Co-op. Assn., *supra*. Furthermore, it would not appear that the failure to define the term in the present case generated any confusion. We find no reversible error.

We have examined the contentions of the defendant and find them to be without merit. Therefore, the judgment of the District Court is affirmed.

AFFIRMED.

CLINTON, J., concurs in the result only.