JOHN H. ORDUNA, JR., APPELLEE, v. TOTAL CONSTRUCTION SERVICES, INC., APPELLANT.

713 N.W.2d 471

Filed May 5, 2006.    No. S-05-101.

Danene J. Tushar and Jeremy B. Morris, of Fraser, Stryker, Meusey, Olson, Boyer & Bloch, P.C., for appellant.

Robert M. Slovek, Gillian G. O'Hara, and Richard P. Jeffries, of Kutak Rock, L.L.P., for appellee.

HENDRY, C.J., CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ., and HANNON, Judge, Retired.

GERRARD, J.

After a fire damaged his home, John H. Orduna, Jr., was forced to move out while Total Construction Services, Inc. (Total), completed repairs to the house. Orduna visited the house after construction had commenced and, unaware that the basement stairs had been removed during construction, fell through the open stairwell, fracturing his ankle. Orduna filed a negligence action against Total and, following a jury trial, was awarded a $183,000 verdict. The district court entered judgment in accordance with the verdict and subsequently overruled Total's motion for new trial. Total appeals.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 13, 2001, Orduna's home in Omaha, Nebraska, was damaged by fire. Orduna had been in his basement, transferring a combination of oil and gas from one container to another, when some of the substance spilled on the floor and was ignited by a hot water heater. The fire caused significant damage to Orduna's house, forcing him to move out while repairs were made.

Orduna hired Total to repair the damage to his home. Total employees conducted a walk-through of the house with Orduna on June 20, 2001, and on August 29, Total submitted a proposal for the work to be performed on Orduna's house. Construction began on September 4.

On the evening of September 11, 2001, Orduna visited his house, intending to remove some of his belongings from the basement. Although the evidence was in dispute, Orduna testified that a Total employee contacted him earlier that day and requested that he come to the house to remove his belongings from the basement. Orduna used his house key to unlock the front door and proceeded to the darkened basement stairwell. Unaware that the stairs had been removed during construction, Orduna fell through the open stairwell to the basement floor, fracturing his left ankle.

Orduna filed a complaint against Total, alleging, in part, that Total was negligent in failing to keep the premises safe and in failing to warn or notify Orduna of an unsafe and hazardous condition on the premises. The complaint was later amended to include an allegation that Total violated specific Occupational Safety and Health Administration (OSHA) regulations.

Prior to trial, Total filed a motion in limine, asking the district court to, in part, prohibit any reference to or evidence of OSHA regulations during trial, including evidence that such regulations were not complied with by Total or that the regulations set the applicable standard of care for Total. In addition, Total asked the court to exclude the testimony of Orduna's designated expert witness, Michael Downey, a construction safety consultant, on the ground that Downey's opinions in the case failed to meet the requirements of Neb. Evid. R. 702, Neb. Rev. Stat. § 27-702 (Reissue 1995). After a hearing on the motion, the court over-ruled Total's request to prohibit any reference to OSHA, stating:

> While OSHA was written to protect employees, an unsafe practice for an employee applies equally well to a person who legitimately finds himself in the same space as an employee. OSHA standards are certainly relevant to the safety of a work place, even if the injured party is not an employee. . . . A violation, however, is only evidence of negligence, and not negligence per se.

With respect to Downey's expert testimony, the court ordered that Downey be prohibited from interpreting OSHA regulations and from testifying that Total had violated OSHA regulations and that an alleged OSHA violation was negligence on the part of Total or that such an alleged violation was a proximate cause of Orduna's fall. The court stated that Downey could testify "as to what he observed and conclusions therefrom."

A jury trial was held in December 2004, after which the jury returned a verdict in favor of Orduna in the amount of $183,000. Subsequently, Total's motion for new trial was overruled by the district court. Total appeals the judgment of the district court.

## ASSIGNMENTS OF ERROR

Total assigns, summarized, restated, and renumbered, that the district court erred in (1) instructing the jury regarding OSHA regulations because such regulations only apply to employment relationships and, alternatively, the instructions contained incorrect statements of law; (2) admitting Downey's expert testimony because it was irrelevant, failed to meet the requirements of rule 702, and was unfairly prejudicial under Neb. Evid. R. 403, Neb. Rev. Stat. § 27-403 (Reissue 1995); and (3) overruling Total's

motion for new trial because the verdict was excessive and not supported by the evidence.

## STANDARD OF REVIEW

Whether a jury instruction given by a trial court is correct is a question of law. When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *Washington v. Qwest Communications Corp.*, 270 Neb. 520, 704 N.W.2d 542 (2005).

Generally, a trial court's ruling in receiving or excluding an expert's testimony which is otherwise relevant will be reversed only when there has been an abuse of discretion. *City of Lincoln v. Realty Trust Group*, 270 Neb. 587, 705 N.W.2d 432 (2005). A motion for new trial is addressed to the discretion of the trial court, whose decision will be upheld in the absence of an abuse of discretion. *Shearer v. Shearer*, 270 Neb. 178, 700 N.W.2d 580 (2005). A judicial abuse of discretion requires that the reasons or rulings of a trial judge be clearly untenable, unfairly depriving a litigant of a substantial right and a just result. *City of Lincoln, supra.*

In determining the sufficiency of the evidence to sustain a verdict in a civil case, an appellate court considers the evidence most favorably to the successful party and resolves evidential conflicts in favor of such party, who is entitled to every reasonable inference deducible from the evidence. *Genthon v. Kratville*, 270 Neb. 74, 701 N.W.2d 334 (2005). The amount of damages to be awarded is a determination solely for the fact finder, and the fact finder's decision will not be disturbed on appeal if it is supported by the evidence and bears a reasonable relationship to the elements of the damages proved. *Shipler v. General Motors Corp.*, ante p. 194, 710 N.W.2d 807 (2006).

## ANALYSIS

*Instructions Given to Jury Were Proper and Conveyed Correct Statements of Law.*

During the jury instruction conference, Total objected to instructions Nos. 10 and 11, among others. Instruction No. 10 stated:

While [OSHA] regulations were written to protect employees, an unsafe practice for an employee applies equally

well to a person who legitimately finds himself in the same space as an employee. OSHA standards are relevant to the safety of a work place, even if the injured party is not an employee.

OSHA regulations provide in part as follows:

a. A hole means a gap or void 2 inches (5.1 cm) or more in its least dimension, in a floor, roof, or other walking/working surface.

b. Each employee on walking/working surfaces shall be protected from falling through holes more than 6 feet (1.8 m) above lower levels, by personal fall arrest systems, covers, or guardrail systems erected around such holes.

Instruction No. 11 stated:

It is claimed that an OSHA safety regulation was violated. If you find that is was, that does not necessarily prove negligence. The violation of a safety regulation is evidence that you may consider, along with all of the other facts and circumstances in the case, in deciding whether or not there was any negligence.

The court overruled the objections.

On appeal, Total assigns that the district court erred in instructing the jury regarding OSHA regulations. Total argues that the instructions were irrelevant and highly prejudicial, because OSHA regulations only govern the duties between employers and employees and Orduna was not an employee of Total. Further, Total argues that even if the court concludes that OSHA regulations were relevant to the standard of care owed by Total to Orduna, instructions Nos. 10 and 11 presented incorrect statements of law that confused the jury as to the applicability of OSHA regulations in the case.

In contrast, Orduna asserts that the jury was properly instructed as to applicable OSHA regulations because such regulations are relevant in assessing an employer's safety obligations to third parties. Orduna also argues that the instructions were correct statements of law, consistent with established case law utilizing OSHA regulations in negligence actions filed against employers by nonemployees.

This court has previously determined that because the application of Nebraska's health and safety regulations is limited to

the relationship of employer and employee, the regulations do not establish a nondelegable duty to nonemployees. See *Semler v. Sears, Roebuck & Co.*, 268 Neb. 857, 689 N.W.2d 327 (2004). However, we have yet to address whether such regulations or the federal OSHA regulations are *relevant as evidence* regarding the standard of care in negligence actions between employers and third parties. A substantial majority of other jurisdictions that have addressed the issue have concluded that OSHA regulations are relevant and admissible in negligence actions involving an employer and a nonemployee.

In *Thoma v. Kettler Bros., Inc.*, 632 A.2d 725, 730 (D.C. 1993), the court explained that

> OSHA regulations are "competent [and admissible], not in and of themselves as evidence of negligence, but as evidence of a standard of care by which the jury must measure the conduct of the defendants in determining whether they exercised that due care the law required in the situation." . . .
>
> At the same time, we recognize that "[a]n OSHA safety regulation . . . may impose a standard of conduct upon employers greater than that which would be considered reasonable in the industry." . . . In a suit brought by a nonemployee, therefore, the defendant must be permitted to point out this fact to the jury and argue that it weakens the evidentiary force of the regulation as applied to the plaintiff.

Similarly, in *Wiersgalla v. Garrett*, 486 N.W.2d 290, 293 (Iowa 1992), the court stated:

> [A]n employer's violation of an OSHA standard constitutes "negligence per se in an action *by an employee against [the] employer*." . . . In other cases, however, a violation of an OSHA standard is merely "evidence of negligence as to all persons who are likely to be exposed to injury as a result of the violation."

(Citing *Koll v. Manatt's Transp. Co.*, 253 N.W.2d 265 (Iowa 1977).) See, also, *Rolick v. Collins Pine Co.*, 975 F.2d 1009 (3d Cir. 1992); *Melerine v. Avondale Shipyards, Inc.*, 659 F.2d 706 (5th Cir. 1981); *Dunn v. Brimer*, 259 Ark. 855, 537 S.W.2d 164 (1976); *Elsner v. Uveges*, 34 Cal. 4th 915, 102 P.3d 915, 22 Cal. Rptr. 3d 530 (2004); *Ball v. Melsur Corp.*, 161 Vt. 35, 633 A.2d 705 (1993).

Total cites several cases in support of its argument. However, most of those cases merely support the proposition that OSHA regulations do not establish a duty between employers and non-employees—a proposition not disputed in this case. Such cases fail to reach the specific question whether OSHA regulations, despite the fact that they only establish a duty between employers and employees, can be relevant in actions between employers and nonemployees. See, *Banovetz v. King*, 66 F. Supp. 2d 1076 (D. Minn. 1999); *Marshall v. Hale-Halsell Co.*, 932 P.2d 1117 (Okla. 1997); *Burnett v. A. Bottacchi S.A. de Navegacion*, 882 F. Supp. 1050 (S.D. Fla. 1994); *Murphy v. Stuart M. Smith, Inc.*, 53 Md. App. 640, 455 A.2d 69 (1983). Although these cases are not inconsistent with Total's argument that OSHA regulations are irrelevant to negligence actions brought by nonemployees, they do not necessarily support that argument.

Two cases cited by Total appear to support a determination that OSHA regulations are irrelevant and inadmissible in actions other than those between employers and employees. *Minichello v. U.S. Industries, Inc.*, 756 F.2d 26 (6th Cir. 1985), was a products liability case brought by the plaintiff after he was injured on the job by a machine manufactured by the defendant. The court held that OSHA regulations were not relevant to the issue of the defendant's liability to the plaintiff because such regulations pertain only to the conduct of employers. In *Trowell v. Brunswick Pulp and Paper Co.*, 522 F. Supp. 782 (D.S.C. 1981), the plaintiff was injured while touring the defendant company's chip mill. The court determined that admitting evidence of OSHA violations in the case would be prejudicial to the defendant and that even with appropriate instructions to the jury, the prejudicial effect of the evidence would outweigh its probative value in the case, where the regulations were not determinative of the standard of care owed to the plaintiff. We are not persuaded by this reasoning.

We hold that in a negligence action brought by a non-employee third party against a construction company, a violation of an OSHA regulation, while not negligence as a matter of law, may nonetheless be evidence of negligence to be considered with all the other evidence in the case. Our holding is consistent with this court's prior law providing that the violation of

a safety regulation, established by statute or ordinance, is not negligence as a matter of law, but is evidence of negligence which may be considered in connection with all the other evidence in the case in deciding the issue. Similarly, the violation of a statute is not negligence per se, but is evidence of negligence. See, *Raben v. Dittenber*, 230 Neb. 822, 434 N.W.2d 11 (1989); *Clark Bilt, Inc. v. Wells Dairy Co.*, 200 Neb. 20, 261 N.W.2d 772 (1978).

In some instances, it may be that an OSHA regulation would impose a standard of conduct upon an employer greater than that which would be considered reasonable in the industry with respect to nonemployee third parties. In such an instance, in a suit brought by a nonemployee, the defendant could make that argument to the fact finder as part of the overall circumstances in its determination of negligence. But in this case, given the evidence that was presented and our reasoning above, we conclude that the district court did not err in instructing the jury as to the effect of a possible violation of an OSHA regulation.

Total argues that even if we find no error in the court's instruction of the jury regarding OSHA regulations, instructions Nos. 10 and 11 presented incorrect statements of law. Specifically, Total argues that instruction No. 10, stating in part that "[w]hile [OSHA] regulations were written to protect employees, an unsafe practice for an employee applies equally well to a person who legitimately finds himself in the same space as an employee," was equivalent to stating that OSHA regulations govern employers' duties to employees *and* third persons, which is inconsistent with the scope of OSHA. We, however, disagree with Total's reading of instruction No. 10. Rather than stating that OSHA regulations apply or govern employers' duties to third persons, instruction No. 10 states that *unsafe practices* for an employee are equally unsafe for nonemployee third parties who are in the same place as employees. The instruction does not indicate that OSHA regulations impose a statutory duty on employers to protect third parties in such situations.

Furthermore, read together, instructions Nos. 10 and 11 convey the appropriate principle—that OSHA regulations and violations may be considered as evidence of negligence in the case. In reviewing a claim of prejudice from instructions given or

refused, an appellate court must read the instructions together, and if, taken as a whole, they correctly state the law, are not misleading, and adequately cover the issues supported by the pleadings and evidence, there is no prejudicial error. *Borley Storage & Transfer Co. v. Whitted, ante* p. 84, 710 N.W.2d 71 (2006). In an appeal based on a claim of an erroneous jury instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant. *Washington v. Qwest Communications Corp.*, 270 Neb. 520, 704 N.W.2d 542 (2005). We conclude that instructions Nos. 10 and 11 accurately conveyed the law and that Total failed to show any prejudice resulting from the instructions.

*Downey's Expert Testimony Was Properly Admitted at Trial.*

At trial, Downey, a construction safety consultant, gave expert testimony as to the safety precautions necessary to guard the danger posed by an open stairwell such as the opening through which Orduna fell and was injured. Downey testified that simply locking the front door of Orduna's home was not an adequate safety measure to prevent injuries in the stairwell. In addition, Downey stated:

> In my opinion what constitutes an adequate guardrail system for the prevention of falls would be a system of rail or rails, if you will, that would include a guardrail, top rail at 42 inches above the floor and a mid rail at approximately 21 inches above the floor. And this is seen as being adequate in preventing persons from unintentionally falling into open holes.

Total objected to Downey's testimony and later moved to strike his testimony in its entirety, but the court overruled the objections.

On appeal, Total assigns that the district court abused its discretion in admitting Downey's testimony because it was irrelevant, contrary to rule 702, and unfairly prejudicial under rule 403. Total argues that Downey's testimony that Total failed to adequately guard the open stairwell by locking Orduna's front door and that Total could have adequately guarded the stairwell by securing rails across the opening was neither helpful to the jury nor did it require special skill, knowledge, or experience. Further, Total asserts that Downey's testimony exceeded the scope of the court's order, which permitted Downey to testify

only about his observations and conclusions. Total argues that Downey essentially testified to OSHA regulations without specifically mentioning OSHA. Orduna argues that Downey's testimony was properly admitted and was within the parameters set by the court in its order on Total's motion in limine.

Downey's testimony did not exceed the specifications of the court's order regarding Total's motion in limine. Downey did not interpret OSHA regulations during his testimony or testify that Total violated OSHA regulations. Further, Downey did not testify that Total's alleged violation of the regulations proximately caused Orduna's fall or was negligence on Total's part. Downey testified within the scope of the court's order by setting forth observations based on his review of depositions and photographs in the matter and by making conclusions, based on his experience as a safety consultant, as to the safety precautions needed to guard the open stairwell and the inadequacy of the method used by Total.

Total also argues that Downey's opinion was not helpful to the jury in this case. However, Downey's testimony regarding the use of rails to block open stairwells and the industry's general acceptance of that method as a sufficient safety precaution was within the realm of admissible expert testimony. Expert testimony as to the custom and practice of an industry, which may be of assistance to the trier of fact, is admissible even in areas where laypersons have competence to determine the facts. See *Coppi v. West Am. Ins. Co.*, 247 Neb. 1, 524 N.W.2d 804 (1994). Although some people's understanding or experience might indicate that locking the front door of Orduna's house was possibly an adequate safety measure, expert testimony regarding the general practice in the industry, i.e., guarding the open stairwell with rails, provided specialized knowledge and experience to the jury regarding the standard safety practices in a construction zone, which may have helped the jury assess the actions of Total. Thus, the district court did not abuse its discretion in allowing Downey's testimony.

*District Court Did Not Err in Overruling*
*Total's Motion for New Trial.*

Finally, Total assigns that the district court erred in overruling its motion for new trial. Total asserts that it was entitled to a new

trial because the jury verdict was not supported by the evidence and was contrary to Nebraska law. Total argues that the jury's failure to find any contributory negligence on the part of Orduna was inconsistent with the evidence presented at trial and with Nebraska case law holding that "one who absent special circumstances requiring him or her to act, proceeds into a place in the dark with awareness of potential dangers is guilty of contributory negligence." Brief for appellant at 33. In contrast, Orduna argues that the jury was presented with sufficient evidence from which to conclude that Orduna was not responsible for his injury.

▆▆ In determining the sufficiency of the evidence to sustain a verdict in a civil case, an appellate court considers the evidence most favorably to the successful party and resolves evidential conflicts in favor of such party, who is entitled to every reasonable inference deducible from the evidence. *Genthon v. Kratville,* 270 Neb. 74, 701 N.W.2d 334 (2005). A jury verdict will not be set aside unless clearly wrong, and it is sufficient if any competent evidence is presented to the jury upon which it could find for the successful party. *Shipler v. General Motors Corp., ante* p. 194, 710 N.W.2d 807 (2006).

Viewing the evidence most favorably to Orduna, as we must, we determine that there certainly was evidence from which a jury could find in favor of Orduna, with no assessment of comparative negligence, and against Total. Orduna testified that on the morning of his fall, a Total employee contacted him and requested that he come to the house to remove his belongings from the basement. He arrived at his house at approximately 6:50 p.m., and the sun had not yet set. Orduna testified that he could see his way through the house to the stairs, but that the stairs were dark because the windows in the basement had been covered with boards during construction. Orduna had visited the house the previous week and had discovered a light in the basement that had been installed for use by Total. Orduna had planned to use the same light upon his visit to the house on September 11, 2001. However, he was unaware that workers had removed the basement stairs. When Orduna went to step down, he fell to the basement floor, hitting and breaking the light in the process. Orduna testified that he had used the stairs after the fire and that he was never concerned about the safety of himself or others using the

stairs. He stated that the stairs seemed to hold his weight and did not seem weak or wobbly. In addition, Orduna testified that Total never notified him that the stairs would need to be removed or warned him of the danger when they contacted him to request that he remove his belongings from the basement.

Although there was conflicting evidence at trial regarding visibility on the evening of Orduna's fall and Orduna's knowledge of Total's plan to remove the stairs, the jury was entitled to listen to the testimony and make a determination as to the credibility of the witnesses and the truth of their testimony. It is for the jury, as trier of the facts, to resolve conflicts in the evidence and to determine the weight and credibility to be given to the testimony of the witnesses. *Moyer v. Nebraska City Airport Auth.*, 265 Neb. 201, 655 N.W.2d 855 (2003). We cannot say that the jury's verdict was clearly wrong in that regard.

Total also argues that a new trial should have been granted because the damages awarded to Orduna are excessive, unsupported by the evidence, and appear to have been made under the influence of passion and prejudice. Total asserts that the award of $183,000 was disproportionate to the evidence presented regarding the nature and extent of Orduna's injury. Orduna argues that the award of damages was fair and reasonable based upon the evidence presented.

The amount of damages to be awarded is a determination solely for the fact finder, and the fact finder's decision will not be disturbed on appeal if it is supported by the evidence and bears a reasonable relationship to the elements of the damages proved. *Shipler v. General Motors Corp.*, ante p. 194, 710 N.W.2d 807 (2006). There was sufficient evidence to support the jury's verdict, and the evidence did bear a reasonable relationship to the elements of the damages that were proved. At trial, Orduna testified in detail regarding his fractured ankle, the physical pain and mental suffering he endured, and the two surgeries he underwent to repair the injury. In addition, Orduna presented evidence of medical expenses resulting from the injury, totaling over $23,000, and lost wages attributable to the injury, totaling over $5,000. Further, Orduna's orthopedic surgeon testified that Orduna suffers from a permanent physical impairment of 17 percent of his foot and 12 percent of his lower body, which translated to a 5-percent

whole person impairment. This permanent impairment has negatively affected Orduna's day-to-day activities.

In order for an award to be so excessive as to warrant a new trial, it must be so clearly against the weight and reasonableness of the evidence and so disproportionate as to indicate that it was the result of passion, prejudice, mistake, or some means not apparent in the record, or that the jury disregarded the evidence or rules of law. *Shipler, supra.* Based on our review of the evidence, we conclude that the jury's award of damages was neither excessive nor inconsistent with the evidence presented at trial, and therefore, the district court did not abuse its discretion in overruling Total's motion for new trial.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED.

WRIGHT, J., not participating.