Lana L. Warner, appellant and cross-appellee, v.
Lee M. Simmons and Niobrara River Ranch, L.L.C.,
appellees and cross-appellants.

___ N.W.2d ___

Filed July 3, 2014.    No. S-13-392.

1. **Jury Instructions: Appeal and Error.** Whether a jury instruction is correct is a
   question of law, which an appellate court independently decides.
2. **Jury Instructions.** The general rule is that whenever applicable, the Nebraska
   Jury Instructions are to be used.
3. **Jury Instructions: Proof: Appeal and Error.** In an appeal based on a claim of
   an erroneous jury instruction, the appellant has the burden to show that the ques-
   tioned instruction was prejudicial or otherwise adversely affected a substantial
   right of the appellant.
4. **Invitor-Invitee: Negligence: Liability.** A land possessor is not liable to a lawful
   entrant on the land unless the land possessor had or should have had superior
   knowledge of the dangerous condition on the land.

Appeal from the District Court for Lancaster County: Robert
R. Otte, Judge. Affirmed.

Gregory R. Coffey, of Friedman Law Offices, P.C., L.L.O.,
for appellant.

Robert S. Lannin, of Shively & Lannin, P.C., L.L.O., and
Victor E. Covalt III, of Ballew, Covalt & Hazen, P.C., L.L.O.,
for appellees.

Heavican, C.J., Wright, Connolly, Stephan, McCormack,
Miller-Lerman, and Cassel, JJ.

Heavican, C.J.
## INTRODUCTION
Appellant, Lana L. Warner, was injured when she fell while
using a wooden plank walkway at a cabin owned by appellee
Lee M. Simmons, doing business as Niobrara River Ranch,
L.L.C. Warner sued Simmons and Niobrara River Ranch, alleg-
ing negligence for failure to maintain, failure to inspect, or
failure to warn of a dangerous condition. A jury returned a
verdict in favor of Simmons and Niobrara River Ranch. Warner
appeals, arguing that the Nebraska jury instruction on burden

of proof in premises condition liability cases is not compatible with Nebraska's comparative fault statute, Neb. Rev. Stat. § 25-21,185.09 (Reissue 2008). We affirm.

## BACKGROUND

On Thursday, August 24, 2006, Warner and a group of friends took a "float trip" on the Niobrara River. The group had arranged to stay near Valentine, Nebraska, at a Niobrara River Ranch cabin owned by Simmons. The cabin was in a group of three that Simmons built in 1998. The cabins were labeled "south," "middle," and "north." Warner's group was assigned to the north cabin. Between the road and the north cabin, Simmons had placed 3-foot-long 2- by-8 inch cedar planks end to end, forming a walkway, ending approximately 6 feet from the cabin at a grassless patch.

On the evening of Friday, August 25, 2006, Warner and her friends returned from dinner in Valentine and walked toward the cabin where they were staying. According to Warner, Warner was walking behind her sister and as her sister stepped on the end of the last plank, the board tilted and hit Warner's foot, causing Warner to fall. Warner was taken by ambulance to a hospital in Valentine, where an x ray showed that Warner had suffered a fracture of the left tibial plateau and that she would need surgery. Warner was transferred to a Lincoln, Nebraska, hospital, where there was an orthopedic surgeon. After surgery, Warner was unable to put her full weight on her leg for approximately 4 months and used a walker to get around. Warner testified that for 2½ years, she experienced pain in her leg when walking.

On August 20, 2010, Warner filed an amended complaint against Simmons and Niobrara River Ranch, alleging that she was injured as a direct and proximate result of the defendants' negligence in failing to inspect the premises, maintain the premises in a reasonably safe manner, or warn Warner of the dangerous condition on the premises. In his answer, Simmons alleged that Warner's injury was the result of her own acts or her contributory negligence. The case proceeded to a jury trial on April 4, 2013.

Simmons stated during his deposition that he was primarily responsible for maintenance and upkeep on the property and that although he did not perform periodic inspections, per se, he is "always looking or seeing if there's something that needs to be fixed. And if there is, then [he] fix[es] it." When shown a photograph of Warner and her friends on the porch of the cabin, Simmons suggested that the photograph must have been taken the morning after Warner and her friends arrived, because he brought the group dinner the night they arrived and "would have noticed if there was a protruding board like that." Simmons was asked whether he agreed that the board closest to the cabin was protruding at the grassless patch, and Simmons answered, "It appears to be in this photo. And it appears that it isn't in a straight line with the other boards." Simmons testified that the board in the photograph looked like something he would have noticed needed to be fixed.

One of Warner's friends who was on the trip in 2006 testified that when she first arrived at the cabin and saw the plank walkway, she immediately thought "it looked much easier to me not to walk on the planks." Clarke testified,

> They just didn't look even to me. And when you're carrying things, I just thought not to have to look down at these planks and think about where you're walking, it was just easier to walk on the sides. So I always did. And there was — you could see where other people had thought the same thing because . . . there was grass there but there was a path there where you could see other people had done the same thing.

Warner testified that when the group returned from dinner on August 25, 2006, she noticed the planks for the first time and "thought, well, those planks are there for a reason. I — you know, I'm going to walk on them because I'm steady on my feet, you know, I don't fall."

After the parties rested, the court held a jury instruction conference. At the jury instruction conference, Warner objected to the burden of proof section of jury instruction No. 2, which followed the language of NJI2d Civ. 8.26 and read:

Before the Plaintiff can recover against the Defendants, they [sic] must prove, by the greater weight of the evidence, each and all of the following with respect to one or more of the Defendants:

1. That the Defendants either created the condition, knew of the condition, or by the exercise of reasonable care, would have discovered the condition;

2. That the Defendants should have realized that the condition involved an unreasonable risk of harm to lawful entrants;

3. That the Defendants should have expected that lawful entrants such as the Plaintiff either:

a. would not discover or realize the danger; or

b. would fail to protect themselves against the danger;

4. That one or more of Defendants failed to use reasonable care to protect lawful entrants against the danger;

5. That the condition was a proximate cause of some damage to the Plaintiff; and

6. The nature and extent of that damage.

Warner submitted a proposed instruction that essentially omitted the third element and would have required Warner to prove the following:

1. That there was a condition on the Defendant['s] property that represented an unreasonable risk of harm to lawful entrance [sic] on the property;

2. That the Defendant[s] either created the condition, knew of the condition, or by the exercise of reasonable care, would have discovered the condition;

3. That the Defendant[s] failed to use reasonable care to protect lawful entrance [sic] against the danger;

4. That the condition was a proximate cause of some damage to . . . Warner; and

5. The nature and extent of that damage.

The court overruled Warner's objection, noting that it would follow the Nebraska pattern jury instructions.

The jury returned a verdict in favor of Simmons and Niobrara River Ranch. Warner appealed and filed a petition

to bypass the Nebraska Court of Appeals. We moved the case to our docket.

## ASSIGNMENTS OF ERROR

Warner asserts that the district court erred in giving NJI2d Civ. 8.26 on burden of proof in premises condition liability cases because, she asserts, that jury instruction is not compatible with § 25-21,185.09. Simmons cross-appeals, arguing that the district court erred in refusing to give Nebraska jury instruction NJI2d Civ. 3.01 on the right to assume another's reasonable care.

## STANDARD OF REVIEW

[1] Whether a jury instruction is correct is a question of law, which an appellate court independently decides.[1]

## ANALYSIS

Warner asserts that the district court erred in giving Nebraska jury instruction NJI2d Civ. 8.26 on burden of proof in premises condition liability cases because, she asserts, that jury instruction is not compatible with § 25-21,185.09. Warner argues that her proposed replacement instruction would have "shift[ed] issues related to the plaintiff's knowledge of or ability to avoid the condition [from] a burden of proof under plaintiff's prima facie case to the defendant['s] burden of proof under their affirmative defenses."[2]

[2,3] The general rule is that whenever applicable, the Nebraska Jury Instructions are to be used.[3] In an appeal based

---

[1] *Credit Bureau Servs. v. Experian Info. Solutions*, 285 Neb. 526, 828 N.W.2d 147 (2013); *InterCall, Inc. v. Egenera, Inc.*, 284 Neb. 801, 824 N.W.2d 12 (2012); *Gary's Implement v. Bridgeport Tractor Parts*, 281 Neb. 281, 799 N.W.2d 249 (2011); *Robinson v. Dustrol, Inc.*, 281 Neb. 45, 793 N.W.2d 338 (2011); *Sinsel v. Olsen*, 279 Neb. 38, 777 N.W.2d 54 (2009).

[2] Brief for appellant at 7.

[3] *Shipler v. General Motors Corp.*, 271 Neb. 194, 710 N.W.2d 807 (2006); *Borley Storage & Transfer Co. v. Whitted*, 271 Neb. 84, 710 N.W.2d 71 (2006); *Curry v. Lewis & Clark NRD*, 267 Neb. 857, 678 N.W.2d 95 (2004); *Walkenhorst v. State*, 253 Neb. 986, 573 N.W.2d 474 (1998).

on a claim of an erroneous jury instruction, the appellant has the burden to show that the questioned instruction was prejudicial or otherwise adversely affected a substantial right of the appellant.[4]

Warner correctly asserts that the elements of a plaintiff's burden of proof in premises liability cases as outlined in NJI2d Civ. 8.26 are derived from case law from a time when the law in Nebraska was that a plaintiff's recovery was barred if her contributory negligence was simply more than slight. Warner cites to *Burns v. Veterans of Foreign Wars*,[5] in which we held that "[t]he open or obvious nature of a dangerous condition in or on a possessor's land does not automatically relieve the possessor from liability for injury resulting from the dangerous condition." We went on to state that a possessor of land may be liable if he should expect that the invitee will fail to protect himself against the dangerous condition.[6] NJI2d Civ. 8.26 reflects our holding in that case by requiring proof that the defendants should have expected that lawful entrants such as the plaintiff either would not discover or realize the danger or would fail to protect themselves against the danger.

Three years after *Burns* was decided, in 1992, § 25-21,185.09 replaced the "more than slight" bar with a comparative fault standard allowing a plaintiff to recover so long as her negligence was less than the total negligence of all persons against whom recovery was sought. In 1996, this court abolished the distinction between invitee and licensee in *Heins v. Webster County*.[7] However, in 2003, this court reaffirmed the elements

---

[4] *InterCall, Inc. v. Egenera, Inc., supra* note 1; *Karel v. Nebraska Health Sys.*, 274 Neb. 175, 738 N.W.2d 831 (2007); *Domjan v. Faith Regional Health Servs.*, 273 Neb. 877, 735 N.W.2d 355 (2007); *Worth v. Kolbeck*, 273 Neb. 163, 728 N.W.2d 282 (2007); *Orduna v. Total Constr. Servs.*, 271 Neb. 557, 713 N.W.2d 471 (2006).

[5] *Burns v. Veterans of Foreign Wars*, 231 Neb. 844, 853, 438 N.W.2d 485, 491 (1989).

[6] *Id.* (quoting *Corbin v. Mann's Int'l Meat Specialties*, 214 Neb. 222, 333 N.W.2d 668 (1983)).

[7] *Heins v. Webster County*, 250 Neb. 750, 552 N.W.2d 51 (1996).

for a land possessor's liability for injury to a lawful visitor in *Herrera v. Fleming Cos.*,[8] including the requirement that "the defendant should have expected that a lawful visitor such as the plaintiff either (a) would not discover or realize the danger or (b) would fail to protect himself or herself against the danger." This element follows the language of the Restatement (Second) of Torts § 343.[9] The requirement is further clarified in the context of known or obvious dangers in § 343A of the Restatement, which we cited in *Aguallo v. City of Scottsbluff*,[10] when we said,

> Generally, when the danger posed by a condition is open and obvious, the owner or occupier is not liable for harm caused by the condition. [Citation omitted.] However, "[d]espite the fact that the danger may be open and obvious or known, the possessor of the land may owe the duty if he should expect that the [lawful visitor] will fail to protect himself against the hazard."

Warner suggests that the elements outlined in our prior case law are not compatible with the comparative fault standard adopted in 1992 because, she asserts, the elements require the plaintiff to disprove her own contributory negligence. Warner argues that the third element in particular is properly placed as part of the defendant's affirmative defense. We disagree. Although Warner suggests that this element requires a plaintiff to prove what she specifically did not know in a particular case, that argument mischaracterizes the purpose of the element.

[4] Though we have abolished the distinction between invitee and licensee, it remains true that a land possessor is not liable to a lawful entrant on the land unless the land possessor had or should have had superior knowledge of the dangerous condition on the land.[11] The third element of NJI2d

---

[8] *Herrera v. Fleming Cos.*, 265 Neb. 118, 122, 655 N.W.2d 378, 382 (2003).

[9] Restatement (Second) of Torts § 343 (1965).

[10] *Aguallo v. City of Scottsbluff*, 267 Neb. 801, 814, 678 N.W.2d 82, 93 (2004).

[11] See *Kliewer v. Wall Constr. Co.*, 229 Neb. 867, 429 N.W.2d 373 (1988).

Civ. 8.26 clarifies the scope of a land possessor's duty by addressing what a land possessor could reasonably expect a lawful entrant to know.

As previously mentioned, NJI2d Civ. 8.26 follows the language of the Restatement (Second) of Torts, but it is also consistent with the Restatement (Third) of Torts.[12] As comment *a.* to the Restatement (Third) of Torts § 51 explains, land possessors have a duty to attend "to the foreseeable risks in light of the then-extant environment, *including foreseeable precautions by others*."[13] This is true regarding all dangerous conditions on the land, but as comment *k.* explains, "[k]nown or obvious dangers pose less of a risk than comparable latent dangers because those exposed can take precautions to protect themselves."[14]

Jury instruction No. 2 was a correct statement of the law regarding a plaintiff's burden of proof in premises condition liability cases, and the district court did not err in giving that instruction. Because we find no error, we do not reach Simmons' argument on cross-appeal.

## CONCLUSION

For the foregoing reasons, the decision of the district court is affirmed.

AFFIRMED.

---

[12] Restatement (Third) of Torts: Liability for Physical and Emotional Harm (2012).

[13] *Id.*, § 51, comment *a.* at 243 (emphasis supplied).

[14] *Id.*, § 51, comment *k.* at 251.