Markus **MARSHALL**, Appellant,

v.

**HALE–HALSELL COMPANY,
an Oklahoma corporation,
Appellees.**

No. 83187.

Supreme Court of Oklahoma.

Jan. 21, 1997.

Jay V. Morgan, Steven M. Grayless, Michael C. Taylor & Associates, Tulsa, for Appellant.

Bruce N. Powers, Knight, Wilkerson & Parrish, Tulsa, for Appellee.

SIMMS, Justice:

Markus Marshall, plaintiff below, appeals the summary judgment entered by the trial court in favor of Hale–Halsell Company. Marshall brought this action for damages after he ran over his own foot with a motorized lift provided by Hale–Halsell, by putting the lift in reverse gear. Hale–Halsell argued it was entitled to judgment as a matter of law because Marshall was the employee of an independent contractor, and as such, Hale–Halsell did not owe Marshall a duty to warn him of the obvious dangers associated with the use of the lift. The trial court agreed, and Marshall appealed.

The Court of Civil Appeals reversed on the grounds that Marshall's evidence on summary judgment established a prima facie case of negligent entrustment of a chattel.

We granted certiorari to determine whether summary judgment was proper in this case. Because we find Hale–Halsell owed no duty to warn Marshall, an independent contractor, of the obvious dangers of the use of the motorized lift incidental to the work he was performing, the opinion of the Court of Civil Appeals is vacated and the judgment of the trial court is affirmed.

An independent trucking company driver making a delivery to Hale–Halsell hired Marshall, a self-employed "lumper" to unload the cargo which was on pallets. A lumper was defined by Marshall as a worker who *contracts with truck drivers* to off-load their cargo at their destinations. Marshall was familiar with the operation of pallet lifts used for unloading pallets of goods. However, he had never before used a motorized pallet lift. Marshall asked for a pallet lift to use in unloading the cargo, and Hale–Halsell provided a motorized one. He claims that he asked for a manual pallet lift but was given the motorized one because that was all that Hale–Halsell had available. Marshall further testified on deposition that he asked for instructions on how to use the lift, but the employees of Hale–Halsell did not give him any instructions. Marshall also stated that although he had some trouble with the lift, it was not malfunctioning when he used it.

After unloading approximately fifteen (15) pallets with the motorized lift, Marshall ran over his foot when he put it into reverse. His foot was injured, but he continued to work. The foot eventually became gangrenous, and he sought medical treatment one week later. He brought this action against Hale–Halsell and the trucking company on the grounds that Hale–Halsell and the independent trucking company owed him a duty to provide instructions in the proper use of the motorized lift and having failed to properly instruct him, they were jointly and severally liable for the injury to his foot.

Hale–Halsell moved for summary judgment arguing the only duty it owed Marshall, an independent contractor, was to provide him with a reasonably safe place to work citing *Hatley v. Mobil Pipe Line Co.*, 512 P.2d 182 (Okla.1973). The trial court agreed and granted summary judgment to Hale–Halsell.

In support of his claim that Hale–Halsell owed him a duty to instruct him on the operation of the lift and warn him of the dangers associated with its use, Marshall asserts under certain Occupational Safety and Health Administration (OSHA) Regulations, 29 C.F.R. § 1910.178 (1993), Hale–Halsell was required to train Marshall in the use of the lift. Subsection (*l*) of § 1910.178 states:

"(*l*) *Operator training.* Only trained and authorized operators shall be permitted to operate a powered industrial truck. Methods shall be devised to train operators in the safe operation of powered industrial trucks."

■ However, Marshall cites to no authority showing how this regulation applies to his action against Hale–Halsell whom he admits was not his employer. Under 29 U.S.C.A. §§ 652 and 654, the duties mandated by OSHA regulations flow from an employer to an employee. Marshall points to no statute, regulation or case which indicates Hale–Halsell owes the § 1910.178(*l*) duty to train a lumper hired by an independent contractor. Federal regulations do not support Marshall's claim against Hale–Halsell.

■ At best, Marshall occupied the position of an invitee, i.e. "[o]ne going onto another's property ... as an independent contractor's employee". *See Hatley*, 512 P.2d at 185 (quoting 41 Am.Jur.2d, Independent Contractors, § 27). The property owner, Hale–Halsell, was liable to Marshall, an invitee, only for:

"an injury occasioned by an unsafe condition of the premises encountered in the work, which is known to the property owner but unknown to the injured person." *Id.*

*Hatley* involved injury to an employee of Panhandle Crane Service when a telephone pole he was climbing on collapsed while attempting to remove telephone poles and lines pursuant to a contract with Mobil Oil. Although the pole was located on an easement owned by Mobil Oil, we concluded that Panhandle Crane assumed the risk that some of the poles, including the one its employee climbed, would be rotted and deteriorated in such a way as to make the removal of the poles dangerous. We therefore affirmed the trial court's order sustaining a demurrer to the evidence because the employee had not proven a case against Mobil.

In so doing, we quoted *Vecchio v. Anheuser-Busch, Inc.*, 328 F.2d 714 (2nd Cir.1964), which said:

"This duty [to provide a reasonably safe place to work] is qualified, however, by the rule that one who engages an independent contractor to do work for him, and who does not himself undertake to interfere with or direct that work, is not obligated to protect the employees of the contractor from hazards which are incidental to or part of the very work which the independent contractor has been hired to perform." 328 F.2d at 718.

■ In the case at bar, as long as Hale–Halsell did not interfere with or direct the work for Marshall, Hale–Halsell was not obligated to protect him from hazards which were incidental to or part of the very work he was hired by the independent contractor to perform. Marshall asked for a pallet lift which is equipment incidental to the work Marshall was doing. He admits the motorized pallet lift provided by Hale–Halsell was not defective and was working properly when he used it. The lift did not lurch backward or in any other way malfunction so as to cause it to run over his foot. Moreover, Hale–Halsell did not interfere with Marshall's work or direct him in doing it. Hale–Halsell's involvement in Marshall's work was providing the only lift it had available when he requested one.

We consider the hazard of running over one's own foot to be incidental to and a part of the work performed by Marshall. Whether it was a manual lift or a motorized one, if the operator of the lift does not get his foot

out of the path of the lift, injury can occur as it did to Marshall.

In addition, our holding in *Grover v. Superior Welding, Inc.*, 893 P.2d 500 (Okla.1995), supports a ruling in Hale–Halsell's favor. In *Grover,* the employee worked for Superior Casting, a wholly-owned subsidiary of Superior Welding. The parent company loaned a drill press to Superior Casting to use. The employee using the machine was warned of the dangers inherent in the use of a drill press. When the worker bent down to pick up a fallen workpiece, she placed her hand on the drill press table for balance. In doing so, her glove got caught in the spinning drill bit, and her arm was severely injured.

After collecting workers compensation benefits, the worker brought a negligence action against the parent company for failing to warn. Summary judgment was granted to Superior Welding on the grounds that the company owed no duty to warn where the dangers of the drill press were inherent in the nature of the machine and where the press had no latent defects.

This Court affirmed because the worker had been warned that using a drill press could be dangerous and was "aware of the dangerous, inherent, obvious, nature of the spinning drill press," 893 P.2d at 503, and therefore, Superior Welding had no duty to warn about what was obvious or actually known to the worker. We looked to the Restatement (Second) of Torts § 388 which relates to supplying a chattel known to be dangerous. Comment k of § 388 reads:

> "One who supplies a chattel to others to use for any purposes is under a duty to exercise reasonable care to inform them of its dangerous character insofar as it is known to them, or of facts which to his knowledge make it likely to be dangerous, if, but only if, he has no reason to expect that those for whose use the chattel is supplied will discover its condition and realize the danger involved. *It is not necessary for the supplier to inform those for whose use the chattel is supplied of a condition which a mere casual looking over will disclose, unless the circumstances under which the chattel is supplied are such as to make it likely that even so casual an inspection will not be made.*"
> 893 P.2d at 503–04 (Emphasis added).

Based upon this comment, the court concluded that "it is apparent that a supplier of a chattel is not required to disclose the dangerous propensities of a chattel if the dangers are open and easily discernable." 893 P.2d at 504. If this is the case for one's own employees, it is equally true for an invitee.

In the case at bar, the danger of running over one's foot was open and easily discernable upon even the most casual inspection. Marshall had demonstrated that he knew how to operate the lift.

██ We find the risk of injury of running over his own foot was incidental to operation of the lift, and Hale–Halsell owed no duty to Marshall to warn him of the obvious dangers incidental to the use of the lift. There being no duty to warn or instruct, Hale–Halsell cannot be held responsible for the unfortunate accident of Marshall running over his own foot with the pallet lift.

For the above and foregoing reasons, the opinion of the Court of Civil Appeals is VACATED, and the judgment of the District Court is AFFIRMED.

SUMMERS, V.C.J., and HODGES, LAVENDER, SIMMS, HARGRAVE and WATT, JJ., concur.

KAUGER, C.J., and WILSON, J., concur in result.