BIRD v. PRUETT'S FOOD
2023 OK 92
Case Number: 120434
Decided: 09/26/2023
IN THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2023 OK 92, __ P.3d __

 

 

STEVEN J. BIRD, Plaintiff/Appellant,
v.
PRUETT'S FOOD, INC., Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF ATOKA COUNTY
HONORABLE PAULA INGE, DISTRICT JUDGE

¶0 Plaintiff, an independent contractor hired to install a new checkout lane at Defendant's store, was injured after falling off a ladder Defendant had supplied to aid Plaintiff in completing the work. Plaintiff initiated a negligence action, seeking damages from his injuries and lost wages. Plaintiff presented his case at trial, after which Defendant demurred to Plaintiff's evidence. The trial court sustained the demurrer. Plaintiff appealed, and we retained the matter. We hold that Plaintiff failed to establish that Defendant owed him a duty of care.

MATTER PREVIOUSLY RETAINED FOR DISPOSITION;
JUDGMENT OF THE TRIAL COURT AFFIRMED.

Rex Travis, Travis Law Office, Oklahoma City, Oklahoma, for Plaintiff/Appellant.

J. Derrick Teague and Todd A. Murray, Jennings Teague P.C., Oklahoma City, Oklahoma, for Defendant/Appellee.

ROWE, V.C.J.:

BACKGROUND

¶1 Steven J. Bird ("Bird"), Plaintiff/Appellant, was an employee of Truno Retail Technology Solutions ("Truno"), a company that services grocery store computer registers. Pruett's Food Inc. ("Pruett's"), Defendant/Appellee, hired Truno to install equipment for an additional checkout lane at its store location in Atoka, Oklahoma. Bird was assigned the installation job and was told to complete the installation as soon as possible. Truno shipped the necessary installation equipment to Atoka, but when Bird arrived at the store, he determined a cable would need to be run through the ceiling to connect the register to the servicing computer.

¶2 Truno did not supply Bird with a ladder, which he needed to run the cable through the ceiling, so Bird requested to borrow a ladder from Pruett's. Pruett's provided Bird their only ladder to use for the job. At the outset, Bird noticed that the ladder was missing the rubber feet at the bottom of the ladder that kept the ladder stable while in use. Bird mentioned the missing feet to one of Pruett's employees, but he was informed that the store did not have any other ladders and that the store's employees frequently used the ladder despite the missing feet.

¶3 Despite his concern, Bird continued with the work, climbing up and down the ladder approximately two or three times. During the first two climbs, Bird testified the ladder shifted under his weight, which caused him additional concern about the ladder's stability. Bird testified that on his third climb, the ladder shifted and slid out from under him. He fell and landed on his left heel, fracturing it.

¶4 Bird filed a negligence action in Atoka County District Court against Pruett's for his bodily injury damages and lost wages. Bird claimed Pruett's was negligent in providing him a defective ladder which resulted in his bodily injuries. Pruett's answered the Petition and filed a Motion for Summary Judgment contending Bird cannot establish the elements of his negligence claim. The district court denied Pruett's Motion for Summary Judgment and set a date for jury trial.

¶5 Bird presented his case before the jury and Pruett's Food demurred to Bird's evidence. After accepting all evidence as true and reasonable inferences favorable to Bird, the district court sustained Pruett's demurrer. Bird appealed, and we retained the matter.

STANDARD OF REVIEW

¶6 The standard of review on an order sustaining a demurrer is similar to that for summary judgment. Harder v. F.C. Clinton, Inc., 1997 OK 137948 P.2d 298de novo review. Tiger v. Verdigris Valley Elec. Coop., 2016 OK 74410 P.3d 1007De novo review involves a plenary, independent, and non-deferential examination of the issues presented. Benedetti v. Cimarex Energy Co., 2018 OK 21415 P.3d 43Harder, 1997 OK 137Jackson v. Jones, 1995 OK 131907 P.2d 1067Id. We will not, however, disturb a trial court's order sustaining a demurrer unless there is competent evidence to support the material elements of the plaintiff's cause of action. Id.

DISCUSSION

¶7 The material elements of a negligence claim are: (1) a duty owed by the defendant to protect the plaintiff from injury; (2) a failure to perform that duty; and (3) injuries to the plaintiff which are proximately caused by the defendant's failure to exercise the duty of care. Berman v. Laboratory Corp. of America, 2011 OK 106268 P.3d 68

¶8 On appeal, Bird argues that Pruett's owed him a duty of care, as an employee of an independent contractor hired to perform work on its premises, to provide a safe place and safe equipment. In support of his position, Bird cites to Davis v. Whitsett, 1967 OK 190435 P.2d 592Healing Waters, Inc. v. McCracken, 1960 OK 49350 P.2d 295

¶9 Davis involved a wrongful death action brought by the widow of a welder who died when the oil tank on which he was working exploded. Davis, 1967 OK 190Id. ¶ 7, 435 P.2d at 595. The plaintiff presented uncontroverted testimony at trial that it was standard in the industry to steam out a storage tank after it had been drained in order to make it safe for welding. Id. ¶¶ 15-20, 435 P.2d at 596-97. In affirming the jury's award to the plaintiff, we held that, "An owner of premises who has engaged an independent contractor to do work on his premises owes to such invitee the duty to keep the premises reasonably safe for the performance of the work." Id. ¶ 5, 435 P.2d at 595. We also noted that although an invitee assumes all normal, ordinary, and obvious risks inherent to the premises, the owner has a duty to warn the invitee of any hidden dangers or unsafe conditions, of which the owner is or should be aware. Id.

¶10 In Healing Waters, the defendant, a religious corporation in the process of organizing a series of "tent revival" meetings, sought volunteers to help in the dismantling and moving of a temporary sanitation building. Healing Waters, 1960 OK 49Id. ¶ 7, 350 P.2d at 296. The rafter rolled, causing the plaintiff to fall and injure his back. Id. In affirming the jury's award to the plaintiff, we explained that although an employee may have assumed known and obvious risks inherent to the nature of their work, in instances where the hazards of the work place evolve and progress, the employer has an ongoing duty to make the work place as safe as possible. Id. ¶ 13, 350 P.2d at 297.

¶11 Pruett's argues that neither Davis nor Healing Waters is controlling here because this matter does not present an issue of premises liability. Specifically, Pruett's notes that Bird's injuries were not the result of a dangerous condition at the store. Rather, his injury resulted from the use of a chattel (i.e., the ladder that Pruett's provided him). Pruett's further distinguishes Healing Waters by noting that the work in question here did not become progressively more dangerous and that the plaintiff in that case was a volunteer, rather than an independent contractor.

¶12 Pruett's also argues that the general duty that a property owner owes to independent contractors to provide them with a safe place to work is qualified. In Hatley v. Mobil Pipe Line Co., 1973 OK 42512 P.2d 182Marshall v. Hale-Halsell Co., 1997 OK 3932 P.2d 1117

¶13 In Marshall, the plaintiff was hired as a "lumper"Id. ¶ 3, 932 P.2d at 1118. When the plaintiff arrived at the defendant's property, he asked the defendant's employees for a pallet lift to use in unloading the cargo. Id. The defendant's employees provided the plaintiff with a motorized pallet lift. Id. The plaintiff mentioned that he had never used a motorized pallet lift and preferred a manual one, but the motorized pallet lift was the only one defendant had available. Id. The plaintiff managed to unload approximately fifteen pallets with the motorized lift before accidentally running over his own foot while attempting to reverse. Id. ¶ 4, 932 P.2d at 1118. We affirmed summary judgment in favor of the defendant citing the qualified duty we adopted in Hatley and finding that the danger of running over one's foot to be incident to the work the plaintiff was hired to perform. Id. ¶¶ 8-12, 932 P.2d at 1119-20. We also noted that the outcome was consistent with our holding in Grover v. Superior Welding, Inc., 1995 OK 14893 P.2d 500

¶14 In Grover, the plaintiff injured her arm when her glove got caught in a drill press. Id. ¶ 2, 893 P.2d at 501-02. The defendant, parent company of the plaintiff's employer, had given the drill press to plaintiff's employer. Id. We affirmed summary judgment in favor of the defendant, finding that the dangers inherent to the drill press were known to the plaintiff, and thus, the defendant was under no duty to further warn the plaintiff of said dangers. Id. ¶ 11, 893 P.2d at 504

¶15 Whether the defendant owed the plaintiff a duty of care is question of law for the court to resolve. Lowery v. Echostar Satellite Corp., 2007 OK 38160 P.3d 959

¶16 At the outset, we agree with Pruett's contention that the duty owed by property owners to independent contractors hired to perform work on their land is subject to the exception identified in Hatley and Marshall. Thus, the operative question here is whether the exception applies. In answering that question, we must determine (1) whether Pruett's interfered with or directed Bird's work at the store, and (2) whether the hazards which ultimately resulted in his injury were inherent to the work he was hired to perform. As to the first question, Bird does not allege that Pruett's or any of its employees interfered with or directed his work. Bird admitted in his responses to Pruett's interrogatories that none of the store's employees were assisting him with the work. Bird also testified at trial that he knew how to complete the work without any assistance from Pruett's employees, that he decided the order of tasks necessary to complete the work, and that he chose what tools to use in completing the work.

¶17 As to the second question, we find that the hazards which resulted in Bird's injuries were inherent to the work he was hired to perform. Bird acknowledges that it was necessary to run cable through the ceiling in order to set up the additional checkout lane. As a result, utilizing a ladder or lift to reach the ceiling tiles was a necessary part of the job. The risk of falling is an inherent hazard when using a ladder. The safety instructions on the ladder in question specifically advised users to, among other things, to have someone hold the ladder if possible, to always face the ladder and maintain a firm grip on it, and to avoid sitting or standing on top of the ladder. The safety instructions also advised users to avoid overreaching and excessive pushing or pulling while on the ladder because it might cause the user to lose their balance or tip the ladder. All of these warnings are explicitly directed at minimizing the inherent risk of falling while using the ladder.

¶18 Since Pruett's did not attempt to interfere with or direct Bird's work, and the hazards which resulted in his injury were inherent to the work he was hired to perform, we find that the exception to the general duty a property owner owes to independent contractors identified in Marshall and Hatley applies here. Accordingly, Pruett's had no obligation to protect Bird from hazards incidental to the work he was hired to perform.

¶19 Bird argues that reliance on cases like Marshall and Grover is misplaced because the ladder furnished to him was defective, whereas the pallet lift and the drill press in Marshall and Grover were not. However, we find this distinction immaterial. Our jurisprudence holds that one who supplies chattel to another to use is subject to liability for physical harm caused by the use of the chattel in the manner for which it is supplied, if the following conditions are satisfied: (1) the supplier knows or has reason to know that the chattel is likely to be dangerous for the use for which it is supplied; (2) the supplier has no reason to believe that the user will realize its dangerous condition; and (3) the supplier fails to exercise reasonable care to inform the user of its dangerous condition.

¶20 Based on the foregoing, we find that Bird has failed to establish that Pruett's had a duty to protect Bird from hazards incidental to the work he was hired to perform. Bird's negligence action thus fails as a matter of law, and we need not address his remaining propositions on appeal.

CONCLUSION

¶21 While a property owner who has engaged an independent contractor to do work on the premises has a duty to the independent contractor to keep the premises reasonably safe, that duty is subject to an exception when the property owner does not interfere with or direct the contractor's work and the hazards which result in injury to the contractor are incidental to the work. Pruett's did not interfere with or direct Bird's work at the store, and the hazard of falling off the ladder was incident to the work Bird was hired to perform. Pruett's is not liable for harm that resulted from the ladder it provided to Bird because Bird was aware of the allegedly dangerous condition of the ladder. The trial court's order sustaining Pruett's demurrer is hereby affirmed.

MATTER PREVIOUSLY RETAINED FOR DISPOSITION;
JUDGMENT OF THE TRIAL COURT AFFIRMED.

ALL JUSTICES CONCUR

FOOTNOTES

Marshall v. Hale-Halsell Co., 1997 OK 3932 P.2d 1117

See Grover, 1995 OK 14